HERMAN SCHAFFNER ET AL.

v.

HERMAN E. EHRMAN AND MAX EHRMAN.

*Banks—Refusal to Honor Depositor's Check—Mistake—Damages.*

1.  The wrongful refusal of a bank to pay a depositor's check amounts to an impeachment of his credit.
2.  A bank in such case is liable in substantial damages, although such refusal arose through a mistake or carelessness, and every effort was made by the bank upon discovery of it to rectify the error, and this although there is no proof of actual loss.

[Opinion filed November 11, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Mr. Jacob Newman, for appellants.

Messrs. Blum & Blum, for appellees.

Moran, P. J. This action was brought by Ehrman Brothers, copartners, against appellants, who were a firm of bankers.

Said Ehrman Brothers had a deposit account with appellants and on May 12, 1888, drew a check thereon for $128.76, which was presented by the holder thereof to the bank for payment on the 13th or 14th of May, and payment thereof refused by the bank for want of funds. They also drew a check on May 15th for $22.40, which was presented by the payee on May 16th and payment thereof also refused for want of funds.

In fact, there were funds in the bank to the credit of Ehrman Brothers more than sufficient to pay these checks at the time they were presented, and the refusal of the bank was caused by the mistake of its bookkeeper in charging against Ehrman Brothers certain checks which were drawn by another of the bank depositors. The mistake was discovered by the bank on May 17th, and the holders of the refused checks were notified and the checks were on that day again presented and were paid. Ehrman Brothers were engaged in the wholesale and retail liquor business in Chicago, and one of the refused checks had been given to a firm from whom they purchased goods in payment of a bill. When knowledge that their checks had been refused came to Ehrman Brothers, they brought this action against the bank to recover damages for such refusal.

The case was submitted to the court without the intervention of a jury, and there being no dispute whatever as to the facts, the court found for the plaintiffs and assessed their damages at the sum of $450. There is no pretense that there was any malice on the part of the bank toward the plaintiff, and it is shown that when the mistake was discovered the bankers did all that honorable men could do to remedy the

injury, if any had been done. The contention is upon the point of the damages; appellant claims that no more than nominal damages should have been assessed, and appellees insist that they were entitled to substantial damages. The learned judge who tried the case manifestly took the latter view, and his conclusion seems to be sustained by all the decided cases upon the question. The argument in favor of limiting the recovery to nominal damages, proceeds upon the ground that the wrong was unintentional and without malice, and there is no evidence showing that plaintiffs suffered any loss or injury whatever from the refusal to honor the checks. The answer to this position is stated by Morse in his work on Banks and Banking, Sec. 458, as follows: "But a better authority seems to be that even if such actual loss or injury is not shown, yet more than nominal damages shall be given. It can hardly be possible that a customer's check can be wrongfully refused payment without some impeachment of his credit, which must, in fact, be an actual injury, though he can not, from the nature of the case, furnish independent, distinct proof. It is as in the cases of libel and slander, which description of suit it indeed closely resembles, inasmuch as it is a practical slur upon the plaintiff's credit and repute in the business world."

This doctrine is supported by the English cases of Marzetti v. Williams, 1 B. & Ald. 415, and Rolin v. Stewart, 14 Common Bench, 595. In the latter case opinions are given by all the judges, and all concur that the damages should be substantial rather than nominal, in such a case. There was no evidence of special damages in the case, but Lord Campbell told the jury that they ought not to limit their verdict to nominal damages, but should give the plaintiffs such temperate damages as they should judge to be a reasonable compensation for the injury they must have sustained from the dishonor of the checks. The verdict was for £500, but after the denial of the rule for new trial, the amount was reduced by agreement of parties to £200, and judgment rendered for that sum.

The reasoning of the judges in that case, notwithstanding

Schaffner v. Ehrman.

the vigorous attack upon it by counsel for appellants, commends itself to our approval. We think the rule applied a wise one, both as regards the banks and the business community. A bank holds such a relation to its depositor in the estimation of the business world, that a refusal of his check is practically equivalent to a charge of dishonesty. It would contravene the just instincts of the average business man to hold that such an act, though the result of carelessness or mistake, and void of all ill-will, could be compensated by a verdict of one cent, where proof of special damage was not made.

Counsel in this case are both mistaken in the statement which they make that this question has never before been decided by an American court. It was decided in 1884, in the Common Pleas Court, in Philadelphia, and the case is reported in 15 Weekly Notes of Cases, 174. There, on December 12, 1882, plaintiff's check for $250 was refused payment by defendant bank on the ground of "not sufficient funds" to pay it. On December 16th, the defendants gave plaintiff a letter expressing regret for the occurrence, and admitting that their clerk had made an error of $1,000 in plaintiff's account, which had always been good. The jury gave a verdict for $1,000 damages. On motion for new trial the question was fully argued, and Rolin v. Stewart, *supra*, relied on, and the judge held that, notwithstanding the refusal of the check was a simple mistake, and that every effort had been made by the bank to rectify it, still the plaintiff was entitled to substantial damages, for the reason that nominal damages would be no vindication of plaintiff's credit, and after, requiring plaintiff to remit $400 from the verdict, entered a judgment in his favor for $600. The same question was also very recently decided by the Supreme Court of Pennsylvania, in the case of Patterson v. Marine National Bank, reported in 130 Penn. St. 419. There, the bank acting honestly, but mistakenly, refused to honor its depositor's check, and on the trial the court instructed the jury that the plaintiff was entitled to recover substantial damages, though there was no proof whatever of actual loss. The English cases were cited

in argument in support of the instruction, but, in the opinion of the court, the question is treated as an original one, and the doctrine of substantial damages in such a case vindicated, apparently without regard to, or reliance upon, those authorities, and a verdict for $300 approved, as not exceeding a temperate award.

We think that the finding of the court below on the question of damages is right in principle, and we have seen that it has the support of all the authority that exists upon the point.

There is no error in the judgment, and it will therefore be affirmed.                                  *Judgment affirmed.*