HERMAN SCHAFFNER *et al.*

*v.*

HERMAN E. EHRMAN *et al.*

*Filed at Ottawa October 31, 1891.*

BANK—*liability for wrongfully refusing payment of depositor's check.*
If a banker refuses to pay the check of a customer drawn in favor of a
third person, when the drawer has funds on deposit in the bank suffi-
cient to pay the same, the banker will be liable to such drawer, in an
action, for substantial damages, without proof of any actual damage, or
any malice on the part of the banker.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Circuit Court of Cook
county; the Hon. M. F. TULEY, Judge, presiding.

Mr. JACOB NEWMAN, for the appellants.

Messrs. BLUM & BLUM, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellants were bankers in the city of Chicago.  From
1886 to May 31, 1888, appellees, in the course of their busi-
ness as wholesale and retail liquor dealers in said city, depos-
ited money in appellants' bank, and from time to time drew
checks against the same.  On the 4th day of said May the
book-keeper of the bank by mistake charged two checks,
amounting to $125, drawn by Ehrman & Co., to appellees,
whose account on the bank's books stood next above that of
said Ehrman & Co.  By this mistake appellees' deposit was
shown by said books to be $125 less than it in fact was.  On
the 28th of that month appellees drew their check on the bank
for $249, payable to the order of the firm of Schufeldt & Co.,
which was duly presented on the same day, through the clear-
ing house at Chicago, and payment refused for want of funds,
and so returned through said clearing house.  The next day,

the holders, Schufeldt & Co., telegraphed appellees of the refusal of the bank to pay. This led to a careful examination of the account, and upon comparing appellees' pass or deposit book with the books of the bank, the above mentioned mistake was discovered. Thereupon the bank immediately wrote a letter to Schufeldt & Co. explaining how the error had occurred, and that the check should have been paid, appellees having sufficient funds in the bank at the time it was presented, for full payment. Appellees closed their account with the bank and all their checks were returned, whereupon they discovered that payment of two other checks drawn by them during that month had also been refused for want of funds, but upon being presented a second time were paid, they having between the first and second presentations of said checks made deposits sufficient to pay them. This action was brought by appellees, against appellants, to recover damages alleged to have been sustained by the refusal to pay these several checks. The case was tried in the circuit court of Cook county, without a jury, and judgment rendered for plaintiffs for $450 and costs of suit, which judgment has been affirmed by the Appellate Court.

Appellants requested the circuit court to hold, as a proposition of law applicable to the case, that to entitle plaintiffs to recover more than nominal damages, they must prove that they had sustained actual or substantial damages, or that the defendants acted from malicious motives in refusing payment of the checks in question, and that the law will not, without proof of special damages, presume that by the dishonoring of the checks plaintiffs sustained special or substantial damages. But the request was denied. The case turns upon the correctness of this ruling.

The refusal to pay these checks was the result of a mere error in book-keeping, and not made from any express motive to injure appellees. It was shown on the trial, by other bankers, that such mistakes are liable to occur in any bank,

and can not be wholly avoided. One of appellees testified on this trial that he had written a letter to the payee of one of said last named checks, residing and doing business in Philadelphia, requesting him to have his agent call upon their firm, which agent had previously called on them to solicit orders, as they wished to purchase goods, but he never received any reply to the letter, never saw the agent, heard nothing either from the agent, or from the house, or any other person, concerning said check or said letter. He also testified that the check drawn in favor of said Philadelphia house had been protested for non-payment, when payment was refused on the first presentation. This was the only evidence from which it could be inferred that actual loss or injury resulted from the non-payment of either of said checks, and it would not be sufficient to sustain a judgment for more than nominal damages, if substantial damages can only be allowed, in such cases, upon proof of actual damages or loss.

The question therefore is, what is the measure of a banker's liability to a person engaged in trade, for a refusal to pay his check, he having sufficient funds on deposit for that purpose, in the absence of evidence of malice, or special injury to the depositor? Authorities are not numerous on the question, but they seem to be uniformly to the effect, that more than mere nominal damages are in such cases recoverable. The leading case is that of *Rolin* v. *Stewart*, 14 Com. Bench, 595. In that case there was no evidence of malice in fact, nor of special damages; but the jury were told that they ought not to confine their verdict to nominal damages, but should give the plaintiffs such temperate damages as they should judge to be a reasonable compensation for the injury they must have sustained from the dishonoring of their checks, and the jury accordingly, by their verdict, gave substantial damages, on which judgment was rendered by the trial court. On appeal, all the judges concurred in holding that the direction to the jury was correct, the case being likened to that of a slander of a person

in the way of his trade. WILLIAMS, J., said: "I think it can not be denied, that if one who is not a trader were to bring an action against a banker for dishonoring a check at a time when he had funds of the customer in his hands sufficient to meet it, and special damages were alleged and proved, the plaintiff would be entitled to recover substantial damages; and when it is alleged and proved that the plaintiff is a trader, I think it is equally clear that the jury, in estimating the damages, may take into their consideration the natural and necessary consequences which must result to the plaintiff from the defendant's breach of contract, just as in the case of an action for slander of a person in the way of his trade, the action lies without proof of special damages."

This case was cited with approval in *Prehn* v. *Royal Bank of Liverpool*, 5 L. R. Exch. 92, in which MARTIN, B., says: "Now, with respect to damages in general, they are of three kinds: First, nominal. The second kind is general damages, and their nature is clearly stated by CRESWELL in *Rolin* v. *Stewart*, 14 C. B. 595, to be such as the jury may give when the judge can not point out any measure by which they are to be assessed, except the opinion and judgment of a reasonable man."

In Woods' Mayne on Damages, (1st Am. ed.) sec. 8, p. 12, the rule is announced, that "when there may be an injury existing at present, though unascertainable, or to arise hereafter and for which no further action could be brought, substantial damages might be given at once,"—citing the case of *Rolin* v. *Stewart, supra.* And text writers, without exception, seem to approve of the rule announced in that case. See Bishop on Non-contract Law, sec. 49; 1 Sutherland on Damages, 129.

In 3 Am. and Eng. Ency. of Law, 226, it is said: "The depositor, by proving special loss, may recover special damages from the bank for its breach of duty; but if unable to do so, he may recover such temperate damages as will be a reasonable compensation for the injury he has sustained," (citing authorities.) "Where a bank refuses to honor a check of its

depositor without legal cause, the latter is entitled to recover substantial damages." (5 General Digest of the United States Ann. 283, citing *Patterson* v. *Marine Nat. Bank*, 130 Pa. 419, and other authorities.) In the Pennsylvania case the point is directly decided, the ground upon which substantial damages is there held recoverable is that of public policy. We have also examined the text books on the subject of banks and banking within our reach, and find that they uniformly, so far as they treat of the subject, approve of the rule as announced in *Rolin* v. *Stewart, supra.*

We are of the opinion that the conclusion in that case was reached by proper reasoning. It is well understood that in an action for slander by a person for the speaking of slanderous words of him in the way of his trade, the fact that he is a trader takes the place of special damages. To return a check marked "Refused for want of funds," to the holder, especially through a clearing house, certainly tends to bring the drawer of that check into disrepute as a person engaged in mercantile business, and it needs no argument to show that a single refusal of that kind might often, and frequently does, bring ruin upon a business man; and yet it is no more possible in either case to prove special or actual damages than it is for one charged with the commission of a crime to show specifically in what manner he has been injured.

It is said, however, that in an action for slander the recovery is had because of slanderous words spoken maliciously, and here it is said there was no malice whatever. While it is true that in slander malice is the gist of the action, yet the term "malice" is always used in such cases in a legal sense. As was said by DAYLEY, J., in *Broumage* v. *Prosser*, 4 B. & C. 247, which was an action for slander of a bank, the words being in substance that it had stopped payment: "Malice, in common acceptation, means ill-will against a person, but in its legal sense it means a wrongful act done intentionally, without just cause or excuse; and if I traduce a man, whether I know him

or not, and whether I intend to do him injury or not, I apprehend the law considers it as done of malice, because it is wrongful and intentional. It equally works an injury whether I mean to produce an injury or not; and if I had no legal excuse for the slander, why is he not to have a remedy against me for the injury it produces?" So here, the bank wrongfully refused to pay the checks of the appellees. That refusal was intentional and without just excuse. There was, therefore, all the elements of legal malice, although there might have been no intention to injure the appellees. See 1 Starkey on Slander, 191; *Commonwealth* v. *Bowen*, 9 Metc. 412.

We can not say that the damages allowed in this case were excessive, under all the circumstances proven. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG dissenting. See *post*, 670.