67  583
169s 517

## Park National Bank of Chicago v. William C. Niblack.

1. BANKS—*Effect of—Failure of.*—The failure of a bank and the seizure thereof by the comptroller of the currency ends the exercise of volition by the officers of the bank, stops the payment of checks, matures all demand notes held by the bank, and applies to the payment of such notes, all balances on the books of the bank, standing to the credit of the makers of the notes.

Assumpsit, on a check. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Reversed. Opinion filed January 7, 1897.

WILLIAM BRACE and JOHN T. RICHARDS, attorneys for appellant; DEFREES, BRACE & RITTER, of counsel.

JAMES S. HARLAN and S. S. GREGORY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee had a check upon the appellant, drawn by parties who were indebted to the appellant upon demand notes in a much larger sum than then stood to their credit on the books of the appellant. Before the check was presented the appellant failed, and was taken possession of by the comptroller of the currency.

We are furnished with no argument or authorities as to the effect that the failure of the bank, and the seizure by the comptroller, had; but in our judgment, it ended the exercise of volition by the officers of the bank, stopped the payment of all checks, matured all demand notes held by the bank, and applied to the payment of such notes all balances on the books of the bank standing to the credit of the makers of the notes.

Whatever the officers of the bank, if solvent, might have done for the interest of the bank in relation to such notes and balances before the check was presented, was done by the law when the comptroller seized.

In three States, Illinois, Iowa and South Carolina, only, could this question arise under a system of which the common law is the basis, for it is only in those States that the holder of a check has a right of action upon it against the bank on which it is drawn, in case of a wrongful refusal to pay, and it is only in case of a wrongful refusal that he can sue.

It can not be contended that if the drawers of the check in suit had themselves presented it over the counter, the appellant, being solvent, might not have rightfully refused to pay, and would have been liable to no such action as was maintained in Schaffner v. Ehrman, 37 Ill. App. 340; S. C., 139 Ill. 109.

There is a good deal of discussion of somewhat similar questions, growing out of the failure of the Fidelity National Bank of Cincinnati in Armstrong v. Warner, 49 Ohio St. 376, and King v. Armstrong, 50 Ibid. 222.

The appellee had no claim upon the bank, and the judgment in his favor is reversed.

As he had no cause of action, the case is not remanded; a course we adopted as to errors of law in C., M. & St. P. Ry. v. Hoyt, 50 Ill. App. 583, sanctioned in the same case under the name of Dunlap v. C., M. & St. P. Ry., 151 Ill. 409.