## Metropolitan Supply Company v. Garden City Banking and Trust Company.

### Gen. No. 11,149.

1. LOSS OF CREDIT—*what evidence competent of.* In an action on the case against a bank for wrongful refusal to pay a check, it is competent for the plaintiff to show conversations by him with representatives of business houses with which he had been doing business and

Metropolitan Supply Co. v. Garden City Banking Co.

from whom he sought to obtain credit after the dishonor of such check, notwithstanding the declaration did not aver special damages.

2. NOMINAL DAMAGES—*when error to instruct that plaintiff is only entitled to.* In an action on the case for dishonoring a check, it is improper to instruct the jury that the plaintiff is only entitled to nominal damages where the dishonor of the check was due simply to an error in bookkeeping, as the plaintiff has the right to allege and prove special damages, and the jury may, likewise, take into consideration the natural and necessary consequences of the bank's breach of contract without proof of special damages; and this is true notwithstanding the plaintiff is a corporation.

Action on the case. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed June 3, 1904.

**Statement by the Court.** Appellant sued to recover damages claimed to have been suffered by reason of appellee's refusal to pay a check drawn against funds in appellee's hands, there being sufficient on deposit to appellant's credit for payment of the check.

March 31, 1900, appellant opened a checking account and on June 14, 1900, drew its check upon appellee in favor of one of its eastern creditors, for the sum of $121.01. The check was delivered to the payee at Rochester, N. Y. It was there deposited in a bank, and by said bank forwarded to Merchants Loan and Trust Company of Chicago. Afterwards, in the usual course of business, on the 20th day of June, 1900, it was presented to appellee through the Chicago clearing house for payment, and payment having been refused, it was on the same day again presented to appellee at its banking office for payment which was again refused. Thereupon it was protested and notices of protest were sent to the payee, the Rochester bank, and the maker. It is admitted that on both occasions when said check was presented appellant had on deposit with appellee sufficient funds with which to meet and pay said check. The excuse offered for not paying is that owing to a mistake of one of appellee's bookkeepers the check of another of appellee's depositors was charged against the account of appellant, and thus appellant's balance with appellee was reduced

320    APPELLATE COURTS OF ILLINOIS.

VOL. 114.] Metropolitan Supply Co. v. Garden City Banking Co.

upon their books to an amount less than the amount of said check. As soon as the mistake was discovered the bank notified the payee of the error.

It is claimed that at the time the check was dishonored appellant had an established credit with those from whom it was purchasing, being allowed the entire month following the month of purchase, if required, in which to meet its accounts.

Appellant recovered judgment for one dollar and costs, from which it prosecutes this appeal.

LEONARD FISKE and VINCENT G. GALLAGHER, for appellant.

KNIGHT & BROWN, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that the Circuit Court erred in rejecting proper evidence and in giving improper instructions. Appellant endeavored to introduce testimony to show conversations with representatives of other houses with which it had been doing business and from which apparently it sought to again obtain credit after its check had been dishonored by appellee. Objections to the admission of this evidence were sustained, and appellant was refused permission to show what, if any, change had occurred in its credit relations with certain firms, including the payee of the dishonored check, after the latter was thrown out by the appellee bank. This testimony, if admitted, might not have been sufficient to show that appellant had suffered any actual damage by reason of the mistaken refusal of appellee to pay its check, but as none of it was admitted we have no means of knowing what its effect would have been. It is said in behalf of appellee that the declaration does not declare specially any particular loss of credit, but generally; that while all damages which result naturally as consequences of the act complained of may be proven under a general averment, dam-

ages not the natural consequences of the act complained of must be specially pleaded and proven, and that therefore evidence of loss of credit with particular individuals or firms was properly excluded. We are of opinion, however, that evidence of actual damages was admissible under the declaration, which avers that appellant has been injured in ways specifically set forth. The leading case upon the questions here presented is Schaffner v. Ehrman, 139 Ill. 109. There the facts were similar to those in the case before us. On the trial of that case the maker of the check was permitted to show that he had afterward written to the payee of a check erroneously dishonored, asking said payee to send an agent to call, as he wished to purchase more goods, but that no reply was received to the letter and the agent did not call for further orders. That evidence—the only evidence tending to show any actual injury —was not regarded as sufficient to have sustained a judgment for more than nominal damages, if substantial damages were recoverable only in cases where it appeared there had been actual damage or loss. But according to the doctrine of that case (Mr. Justice Craig dissenting), "more than merely nominal damages are in such cases recoverable." The court says: "To return a check marked 'Refused for want of funds' to the holder, especially through a clearing house, certainly tends to bring the drawer of that check into disrepute as a person engaged in mercantile business, and it needs no argument to show that a single refusal of that kind might often and frequently does bring ruin upon a business man; and yet it is no more possible in either case to prove special or actual damages than it is for one charged with the commission of a crime to show specifically in what manner he had been injured."

The Circuit Court instructed the jury of its own volition that the plaintiff was entitled to " recover merely nominal damages, and such temperate damages as you may judge to be a reasonable compensation for the injury, if you find any from the evidence, plaintiff sustained from the dishonoring of its check." As we have indicated, evidence in-

322   APPELLATE COURTS OF ILLINOIS.

VOL. 114.] Metropolitan Supply Co. v. Garden City Banking Co.

tended to show special injury sustained was in the case at bar ruled out. Another instruction requested by appellant, to the effect that the verdict need not be confined to merely nominal damages, but might include such damages, if any, as would be a fair and reasonable compensation for all injury to plaintiff's business, credit, good name and reputation, if any, proven by the evidence, was refused. It is evident that the jury were not correctly instructed in accordance with the view of the law prevailing in this state, when told that appellant could recover only nominal damages. In the case before us as in the Schaffner case, *supra*, the refusal to pay the check was the result of a mere error in bookkeeping, such as the evidence tends to show is liable to occur in any bank and cannot be wholly avoided. Yet appellant had the right to allege and prove if it could, special damages; and the jury might also take into consideration the natural and necessary consequences of the bank's breach of contract, as in the case of an action for slander, without proof of special damages.

We do not overlook the contention of appellee that a corporation cannot be a trader in the sense that an individual may be, so as to recover merely general damages, but that special damages must be alleged and proven by a corporation, or it cannot recover. While it may be true that a corporation has no individual personal character to be affected by a libel independent of its trade or business, its credit may be impaired and its business injured in the same way and to the same extent by the dishonor of its checks, as in the case of an individual trader. No reason is apparent why the law will not in the case of a corporation as well as of an individual, presume without proof of special damages that by the dishonor of its check it has sustained special or substantial damages. While the wrong was unintentional, the refusal to pay was intentional and without just excuse and the presumption of legal malice follows.

We are referred by appellee to T. B. Clark Co. v. Mt. Morris Bank, 83 N. Y. Sup. 447, 449. In that case it is

held that as the plaintiff neither alleged nor proved any special damage, and as the evidence did not show that the defendant was guilty of legal malice, the court was right in restricting the recovery to nominal damages. This, however, is not in accord with the law as interpreted in this state, in the case above referred to.

The judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*