(80 Misc. Rep. 524.)

### LEVINE v. STATE BANK.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. BANKS AND BANKING (§ 143*)—REFUSAL OF BANKS TO HONOR CHECKS— LIABIILTY—EVIDENCE.

　　A depositor, suing a bank for its refusal to pay his checks, who establishes by the deposit book and the monthly statement of the bank that he had a sufficient sum on deposit with which to meet the checks when presented for payment, and who introduces in evidence the dishonored checks and the charges for notices of dishonor, establishes a prima facie case for at least the amount of the checks and the charges for notices of dishonor.

　　[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 414, 517; Dec. Dig. § 143.*]

2. BANKS AND BANKING (§ 143*)—REFUSAL TO PAY CHECKS—LIABILITY—ACTIONS—DEMAND.

　　A depositor, having funds in a bank sufficient to meet checks drawn by him, may sue the bank for its refusal to honor the checks when presented, on the implied contract existing between the bank and depositor, without any further demand by him.

　　[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 414, 517; Dec. Dig. § 143.*]

3. BANKS AND BANKING (§ 143*)—REFUSAL TO PAY CHECKS—DAMAGES—LOSS OF CREDIT.

　　A depositor, suing a bank on an implied contract for its wrongful refusal to pay checks, when he had on deposit funds to meet them, may recover damages for injury to his credit.

　　[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 414, 517; Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Isaac Levine against the State Bank. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Goetz & Jacoby, of New York City, for appellant.

Joseph E. Cosgrove, of Brooklyn (Moses Feltenstein, of New York City, of counsel), for respondent.

GUY, J. Plaintiff sues to recover damages from the defendant bank for the refusal to pay two checks drawn by plaintiff on the ground of insufficient funds, when, as matter of fact, plaintiff had on deposit ·with the defendant bank, at the time of such refusal, sufficient funds to his credit to meet said checks. The complaint is so drawn as to state causes of action both in tort and on contract; but, at the trial, plaintiff elected to proceed on contract.

[1] Injury to plaintiff's credit was specifically alleged in the complaint; but, after plaintiff had elected to proceed on contract, proof as to injury to credit was excluded as irrelevant, and an exception noted. It was established by the deposit book and by the monthly statement rendered by defendant to plaintiff, both of which were offered in evidence, that plaintiff had a sufficient sum on deposit to his credit with defendant to meet the checks at the time they were presented for payment. Plaintiff also offered in evidence the dishonored checks, each of which had a printed slip, annexed thereto by the defendant, containing a notice that a charge was entered against plaintiff for 50 cents for each notice of dishonor, which, for three refusals, two refusals on one check and one on the other, amounted to $1.50. On this proof plaintiff made out a prima facie case for at least the amount of the checks, $24, and $1.50 charged for notices of dishonor, aggregating in all $25.50.

[2] The plaintiff's checks having been presented for payment, and payment refused, no further demand on the part of plaintiff was necessary before bringing an action on the implied contract existing between banker and depositor.

"The refusal to pay on presentation of the check, which presentation is equivalent to a demand of payment, gives to the drawer a right of action, in case he has funds in the bank to meet the check, and the refusal to pay was without his authority. Viets v. Union Nat. Bank of Troy, 101 N. Y. 563 [5 N. E. 457, 54 Am. Rep. 743], cited with approval in C. N. Bank v. I. & T. Bank, 119 N. Y. 202 [23 N. E. 540]."

[3] The only remaining question is as to whether plaintiff, in an action on contract, was entitled to offer proof of injury to plaintiff's credit resulting from defendant's breach of contract.

"Where one sues to recover for the breach of a contract, the measure of damages is usually such an amount only as will repay him for the money loss which he has suffered because of the failure of the defendant to do as he agreed. * * * In addition, the jury were permitted to award him, also, such substantial damages for the impairment of his credit as they might conclude he had suffered. * * * *The act of a bank in refusing to pay its customer's checks is something more than a mere nominal breach of the contract, to be paid for by requiring the bank to make good the money which its act has cost him. Every one knows that the effect of such a refusal is*

*to throw discredit upon the man who drew the check, and to impair his credit with the person with whom he is dealing*; and when it is made to appear that that act has been done by the bank, not once, but four times in close succession, with full knowledge that he had funds in the bank sufficient to pay these checks, \* \* \* the jury might infer that the credit of the plaintiff was impaired by this act of the defendant bank, and this conclusion is sustained by many cases. Rolin v. Steward, 14 C. B. 599; Schaffner v. Ehrman, 139 Ill. 109 [28 N. E. 917, 15 L. R. A. 134, 32 Am. St. Rep. 192]; Patterson v. Marine Nat. Bank, 130 Pa. 419 [18 Atl. 632, 17 Am. St. Rep. 778]; Morse, Banks & Banking, § 458." Davis v. Standard Nat. Bank, 50 App. Div. 214, 215, 63 N. Y. Supp. 766, 767, 768.

The learned trial court erred in excluding evidence as to injury of credit and in dismissing the complaint.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.