## Leon Friedman, Appellee, v. Edgewater State Bank, Appellant.

### Gen. No. 24,680.

1. BANKS AND BANKING, § 143*—*when attorney at law entitled to only nominal damages for bank's wrongful refusal to pay check.* An attorney at law whose check was refused payment through the mistake of his bank of deposit, was entitled to only nominal damages, in the absence of evidence of special damages.

2. BANKS AND BANKING, § 143*—*when attorney at law not entitled to special damages for slander of credit by bank.* Under a declaration charging that plaintiff, an attorney at law, suffered injury, etc., solely because of the dishonoring of his check by his bank, when he had sufficient funds on deposit to cover it, plaintiff was entitled to nominal damages only where the act of defendant was due to mistake, and was not entitled to recover special damages for words uttered by the cashier relative to the condition of plaintiff's account about 4 months after such dishonor and about 2 months after the bank had advised the payee that its action was due to mistake.

3. BANKS AND BANKING, § 143*—*when attorney at law not entitled to special damages for dishonor of his check by bank.* An attorney at law was not a trader, and was therefore not entitled to special damages because of the dishonor of his check by his bank, through mistake, although sufficient funds to cover the check were on deposit, in the absence of evidence of special damages.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed October 10, 1919. Rehearing denied October 21, 1919.

CLYDE C. FISHER, for appellant.

DECKER & GOLDEN, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

Plaintiff, an attorney at law, commenced an action in case on February 16, 1918, against the defendant

bank to recover damages for the bank's refusal to honor his check for $5, drawn on the bank and payable to the order of his sister, at a time when he was a depositor in the bank and had more than sufficient funds on deposit to meet the check. In his amended declaration plaintiff alleged that because of the dishonoring of said check he had been "greatly injured in his good name, credit, reputation, business and profession," and that persons who formerly had been accustomed to deal with and retain him in a legal capacity had since refused so to do. The jury were instructed, at plaintiff's request, "that, if they believe from the evidence that the defendant refused to honor the check issued by the plaintiff and that plaintiff had sufficient funds on deposit with defendant to the credit of plaintiff at the time said check was presented for payment, the plaintiff is entitled to recover substantial damages, although such refusal to so honor said check arose through a mistake or carelessness and every effort was made by defendant upon discovery thereof to rectify the error." And the court refused, at defendant's request, to instruct the jury that "under the facts alleged in plaintiff's declaration and offered in evidence, you are instructed that the plaintiff is entitled to nominal damages and not to substantial damages." The jury returned a verdict for $250, upon which verdict the judgment appealed from was entered.

On the trial plaintiff testified, in substance, that he was admitted to the bar in 1898 at Wheeling, West Virginia, that afterwards he practiced law in that State for 9 years and afterwards in Pittsburg, Pennsylvania, for 6 years, since which time he had been engaged solely in the practice of law in Chicago, except that for a short period he had once acted as an assistant trust officer of a Chicago bank, and that he occasionally made real estate loans for clients; that on September 28, 1917, he drew his check for $5 on the defendant

bank, payable to the order of his sister, Julia Bierman, and mailed it to her at Pittsburg, Pennsylvania, that the giving of the check was in regard to a family matter; that when the check was presented to the defendant bank payment thereon was refused on the ground "not sufficient funds"; that at the time the check was presented for payment at the defendant bank plaintiff had on deposit about $50; that subsequently plaintiff was informed by letter from Pittsburg that the check had been returned marked "not sufficient funds"; that immediately upon the receipt of said letter he telephoned a bookkeeper of the bank, who said: "There must be some mistake; your account is all right;" that after the check had been returned to him, about October 12 he called on the cashier of the bank, who said he would inform the payee of the check by letter that the dishonoring of the check was a mistake; that subsequently, on December 3, the president of the bank wrote the payee that the bank was to blame, as a mistake had been made in the posting of plaintiff's account; that on February 11, 1918, plaintiff had a conversation at the bank with the cashier regarding a charge made for carrying his account, which averaged a balance of less than $100, during which conversation the cashier said: "We had to do it; we are returning your checks every day, 'not sufficient funds,'" to which plaintiff replied that the cashier was mistaken; that at the time of the conversation three men were standing near the cashier and heard distinctly what was said; and that on the following morning plaintiff received from the cashier a letter as follows: "I find in searching our records that I was mistaken in my assertion of checks going back on your account. The party I had in mind has the same surname as yours, but cannot find any checks but the one that was sent back on your account in error." The cashier testified on behalf of the bank that his conversation of February 11

with plaintiff was held after banking hours in the presence of three tellers of the bank, and that thereafter plaintiff continued his business relations with the bank.

We are of the opinion that, under the pleadings and the facts in evidence in this case, the trial court erred in instructing the jury that plaintiff was entitled to recover substantial damages and in refusing defendant's tendered instruction that plaintiff was entitled to only nominal damages. The charge in plaintiff's declaration is that he has been injured in his good name, credit, reputation, business and profession solely because of the dishonoring of the check. There is no claim made in the declaration that plaintiff had also been injured because of the words uttered by the cashier of the bank in the presence of the three men, on February 11, 1918, which was about 4 months after the bank had dishonored the check through mistake, and about 2 months after the bank had so advised the payee of the check. The plaintiff at the time of the dishonoring of the check was an attorney at law, practicing his profession in the city of Chicago. He was not a merchant or trader, and at the trial he introduced no evidence of special damages. And it clearly appears that the action of the defendant bank was due to a mistake or clerical error, and done without any malice or ill-will.

In *Rolin v. Steward*, 14 C. B. 595, it was decided in England that substantial damages may be recovered against a banker for dishonoring checks of a customer, engaged in trade, at a time when the customer had ample funds in the bank to meet the checks and when there was no evidence given that the customer had sustained any special damages. In this case Williams, J., said (p. 607): "As to the alleged misdirection, I think it cannot be denied, that, if one who is not a trader were to bring an action against a banker for dishonoring a check at a time when he had

funds of the customer in his hands sufficient to meet it, and special damages were alleged and proved, the plaintiff would be entitled to recover substantial damages. And, when it is alleged and proved that the plaintiff is a trader, I think it is equally clear that the jury, in estimating the damages, may take into consideration the natural and necessary consequences which must result to the plaintiff from the defendant's breach of contract; just as in the case of an action for the slander of a person in the way of his trade, or in the case of an imputation of insolvency on a trader, the action lies without proof of special damages." In the case of *Schaffner v. Ehrman,* 139 Ill. 109, our Supreme Court rendered a decision to the same effect. And in the case of *Wiley v. Bunker Hill Nat. Bank,* 183 Mass. 495, where plaintiff was a trader, engaged in the business of buying and selling coal and wood, Morton, J., said (p. 496): "In the case of a trader, injury to his credit may be inferred from the fact that he is a trader, and substantial damages may be found and given upon proof of that fact without anything more. In the case of a person who is not a trader, if no special damages are alleged and proved, nominal damages at least may be recovered." In *Bank of New South Wales v. Milvain,* 10 Victorian Law Rep. 3, the Supreme Court of Victoria decided that a farmer was not a trader and not entitled to recover more than nominal damages for the dishonor of his check, unless he prove special damage or that he has a mercantile character to be injured. In this case Stawell, C. J., said (p. 5): "There is no presumption legitimately deducible that a person who is not a trader suffers substantial damage by the dishonour of his cheque. In England it has been held that a farmer is not a trader. I see no reason for arriving at a different conclusion in this country; a farmer's business is not one of buying and selling as a trader." In the same case Holroyd, J., said (p. 5):

''I think 'trader' means one whose business is to buy and sell, or to make up raw material into merchandise of which he afterwards disposes. Prima facie a man who tills the soil is not a trader, although he may in some cases follow trade as well; in the latter case he must prove that he trades, if he would be treated as a trader.'' In Bouvier's Law Dictionary the word ''trader'' is defined: ''One who makes it his business to buy merchandise, or goods and chattels, and to sell the same for the purpose of making a profit.    *    *    * The principal question is whether the person has the intention of getting a living by his trading; if this is proved, the extent or duration of the trading is not material.'' In the case of *Third Nat. Bank of St. Louis v. Ober,* 178 Fed. 678, the plaintiff, Ober, who lived in Natchez, Mississippi, had a small account with the defendant bank at St. Louis, Missouri, and, wishing to transfer a part of it to his home bank, he drew a check in its favor for $50. At that time his account with defendant had a credit balance of $122. Defendant refused payment on the ground that Ober's account was overdrawn, and the check was protested for nonpayment. There was no malice or ill-will in the action of defendant. It was due solely to the clerical error of a bookkeeper. Ober was not a merchant or trader. He sued for the protest fees and for damages to his honor, truth, and business standing. Aside from the protest fees no special damages were alleged or proven. In the trial court there was a verdict and judgment for $500. The judgment was reversed by the U. S. Circuit Court of Appeals, for the eighth circuit, and the cause remanded, on the ground that the court erred in instructing the jury that the verdict should be for more than the protest fees and nominal damages. In delivering the opinion of the court, Hook, Circuit Judge, said (p. 679):

''The relation between banker and depositor is one of contract. The right of the latter is that, to the ex-

tent of his credit balance subject thereto, his checks drawn and presented according to the customs and usages of the business shall be promptly honored. For a breach of this right an action for damages will lie. If the depositor is a merchant or trader, it will be presumed, without further proof, that substantial damages have been sustained. * * * This rule proceeds upon the fact, commonly recognized, that the credit of a person engaged in such a calling is essential to the prosperity of his business, and the dishonoring of his checks is plainly calculated to impair it and to inflict a most serious injury. * * * On the other hand, if the depositor is not a merchant or trader, there is no such presumption of substantial injury, and his recovery should be a nominal one, unless he pleads and proves some special damages. * * * Counsel contend that the presumption arising in the case of a merchant or trader is merely that he possesses credit, and that when the depositor is not a merchant or trader the fact not presumed may be established by proof, and the same right to substantial damages would then follow. The character of the presumption is misconceived. It is not so much the possession of credit, as it is that substantial injury thereto has been inflicted by the dishonoring of the check. The very reason for allowing general substantial damages to a merchant or trader, without a showing of special injury, implies a contrary rule, generally, as to those not of that class. A mere technical violation of a right is no just basis for a recovery of general and substantial damages, where no actual injury is shown, and none appear to follow as the natural and probable consequence of the act.''

For the reasons indicated the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*