SAMUEL KATZ, Respondent, *v.* THE PACIFIC BANK, Appellant.

First Department, May 1, 1925.

Banks and banking — depositors — liability of bank to depositor who is not merchant or trader for improperly refusing payment on check on ground of insufficient funds — only nominal damages recoverable where refusal is due to casual error on part of bank — willful refusal to honor check not shown — verdict for actual damages reduced to nominal damages.

A bank is liable to a depositor who is not a merchant or trader for only nominal damages where it improperly refuses to pay a depositor's check on the ground of insufficient funds, if the refusal is caused by a casual error made by the bank or its employees in the account of the depositor. Actual damages can be recovered only where it is shown that the refusal on the part of the bank was willful and persistent.

Accordingly, in this case, in which the defendant returned one of the plaintiff's checks on the ground that there were insufficient funds to his credit to meet

the check, the verdict for actual damages in favor of the plaintiff is reduced to nominal damages, since it appears that the mistake which led to the refusal to pay the check was due to the fact that checks drawn by a third person bearing the same name as the plaintiff had been inadvertently charged to his account, and that the error was corrected as soon as the defendant's attention was called to it.

Appeal by the defendant, The Pacific Bank, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of January, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of January, 1924, denying defendant's motion for a new trial made upon the minutes.

*Blumenstiel & Blumenstiel* [*Ralph K. Jacobs* of counsel; *Edwin B. Steel* with him on the brief], for the appellant.

*Kornblueh & Hutter* [*Arthur Hutter* of counsel], for the respondent.

Dowling, J.:

This action was brought by the plaintiff, a depositor in the defendant bank, to recover the sum of $10,000 damages claimed by the plaintiff by reason of the return of a check for $750, dated May 7, 1920, drawn by the plaintiff on the defendant and returned by the defendant unpaid, the plaintiff claiming that, at the time when said check was presented at the defendant bank, said plaintiff had sufficient funds on deposit with the defendant to meet said check.

No special damages are alleged or proved.

The amended answer is a general denial of all the allegations of the complaint except the incorporation of the defendant and that the plaintiff was a depositor in the defendant bank at the time in question.

The answer also further sets up in substance that when the said check dated May 7, 1920, for $750, drawn by the plaintiff to the order of Francis & Co., was presented to the defendant for payment, the check was properly refused payment, because there was not sufficient in the account of the plaintiff to justify its payment; that when the check for $750, mentioned in the complaint, drawn by the plaintiff was again presented to the defendant for payment, through inadvertence of the defendant's clerks, certain checks amounting to $82.64 had been erroneously charged against the plaintiff's account, so that it appeared that the balance to the credit of the plaintiff at the time of the presentation of this check on the tenth day of May, was only $698.03. The check, therefore, being for $750, was returned marked " Not sufficient funds," with the honest belief that there was not sufficient to the plaintiff's

credit in the defendant bank to justify the payment of same. The return of said check was due to inadvertence and mistake on the part of the defendant; that as soon as the error was discovered, the matter was called to the defendant's attention and the defendant forthwith rectified same.

Upon the trial it developed that a mistake had occurred twice, as the result of which two of plaintiff's checks were dishonored. This happened because of a confusion between checks drawn by plaintiff and others drawn by another depositor of the same name. The latter was doing business as the Illinois Radiator Company, though his checks were signed in his individual name. Two of these checks were thus accidentally charged against plaintiff's account, one for twenty-two dollars and sixty-four cents on April twenty-ninth, the other for sixty dollars on May sixth or seventh. It is claimed by defendant that the error was discovered the latter part of September or the early part of October, 1920, and that plaintiff was then notified that the amount of eighty-two dollars and sixty-four cents represented by these checks had been placed to his credit.

The defendant endeavored to raise an issue as to whether plaintiff had a sufficient sum on deposit to meet the $750 check, even if credited with the two checks. Plaintiff also testified that after the first instance of dishonor (on May 4, 1920) he called at the bank and advised them that he was issuing another check for $750 and it was important for him that this check should go through without trouble and he was advised by the bank official that he had a balance of $772, and referred to a check of $60, the drawing of which plaintiff denied, and it was recognized as a mistake, the amount being chargeable to the other Samuel Katz of the Illinois Radiator Company. This is denied by the bank official. But both issues must be deemed to be settled in favor of plaintiff by the verdict.

We have here a case of a check of plaintiff's dishonored through a mistake upon the part of the bank, due to the identity of the names of two of its depositors. The learned trial court charged the jury as follows:

" It is an obligation resting upon the bank to honor those checks, but, as I say, if it occurs through a mere excusable mistake or accident or error of some kind, then the law says, ' Well, the depositor may be injured, but unless he proves specifically how far he has been injured, he may recover only nominal damages,' six cents, we will say.

" This plaintiff assumes the burden of proving more than a mere excusable mistake. He undertakes to prove that this was a

persistent, obdurate, willful neglect of the bank to honor the check after they had knowledge of an error in the plaintiff's account by reason of their charging to that account checks drawn by another person of the same name, in the bank.

"Now, we come to what counsel have alluded to as the malice necessary to be shown. As has been correctly stated to you by one of counsel, it is not required that actual malice be shown, that the bank refused to honor the check because of some active purpose to injure the depositor, because of ill will toward him; that is not what we mean by malice in a case of this kind.

"If after notice the bank persistently, obdurately, willfully disregarded the rights of the depositor to have his check honored, then you may find malice sufficient to support a recovery in this case. I repeat, persistent, obdurate, willful disregard of the rights of the plaintiff. That is what he must prove in order to recover substantial damages and he is claiming substantial damages."

And when the jury returned, after a message that they found for the plaintiff, but could not agree on the amount of damages, the learned court again charged them: "If it is an excusable mistake, then it is nominal damage. If it is more than that, if it is an obvious, willful disregard of the plaintiff's rights; I will explain to you what duty a bank owes a depositor. If this thing was brought to the bank's attention, it was their duty to use all due diligence and due speed in rectifying the error. A depositor has a right to assume, if he has money in the bank, that his check will be honored, and dishonoring checks is something that honest and honorable men don't like to have happen to them. If you give a check you want it to be as good as cash. If you give your check and it proves to be a bad check, as we would say, because of insufficiency of funds or no funds, it is something that is of some consequence, and if a bank when you have money there refuses to honor your check it is a wrong for which the bank should be held accountable. Now what the damage is is entirely for you. Nominal damage applies when it is a mere accidental, excusable mistake or accident. If it was the dereliction of duty that I have mentioned in my main charge, then you get substantial damage, and that means compensatory damages, damages to compensate the plaintiff for the injury done."

To this charge there was no exception, and it is, therefore, the law of the case for the purposes of this appeal. But I am unable to find any warrant in the evidence for the contention that this was a repeated, persistent, obdurate, willful neglect of the plaintiff's rights upon the part of the bank, nor can I find any facts upon which malice can be imputed to it as a matter of law. The implied finding

of the jury to that effect should be reversed, as without adequate evidence to support it, and the dishonor should be found to be the result of excusable mistake. In such a case nominal damages only are recoverable. The rule as to liability was thus laid down by Judge CARDOZO in *Wildenberger* v. *Ridgewood National Bank* (230 N. Y. 425, 427): " The dishonor of the checks was admittedly a wrong (*Citizens' Nat. Bank of Davenport* v. *Importers & Traders' Bank of N. Y.*, 119 N. Y. 195; *Burroughs* v. *Tradesmen's Nat. Bank of N. Y.*, 87 Hun, 6; 156 N. Y. 663). The wrong, if willful, charged the bank with liability for the consequences. In many jurisdictions the liability is the same whether the wrong is willful or merely heedless (*Wiley* v. *Bunker Hill Nat. Bank*, 183 Mass. 495; *Third Nat. Bank* v. *Ober*, 178 Fed. Rep. 678; *Schaffner* v. *Ehrman*, 139 Ill. 109; *Fleming* v. *Bank of New Zealand*, 1900, A. C. 577, 587; 2 Michie on Banks & Banking, 1162, and cases there collated). In this State the liability is for nominal damages and no more, if the dishonor of the checks is the result of innocent mistake. That was the situation in *Clark Co.* v. *Mt. Morris Bank* (85 App. Div. 362; 181 N. Y. 533) where dishonor was due to the blunder of a bookkeeper, who misread the plaintiff's balance. Sometimes we are told that to permit the recovery of substantial damages, the wrong must be malicious. This does not mean, however, that it must be the product of hatred or malevolence. It is the exclusion of liability for the consequences of accident or mistake (*Davis* v. *Standard Nat. Bank*, 50 App. Div. 210, 213; *Clark Co.* v. *Mt. Morris Bank, supra; Schaffner* v. *Ehrman, supra*)."

Furthermore, plaintiff neither pleaded nor proved special damage, and he was not a merchant or trader. He was not engaged in business for himself but was employed by a drug company, of which he was treasurer and manager, and of which he was also a director and stockholder, but the check was not given in connection with the business of the company. In fact it was paid to a brokerage house with which he had personal dealings, but there was no claim that his account with them had been closed or that he had sustained any actual damage as the result of the dishonor of his check. In his testimony on cross-examination, referring to this account with defendant bank, plaintiff testified, explaining why he had no check book or stubs left in his possession: " The Court: You ought to have your stubs. Where is it? The Witness: No, because it was more or less of a private account and I didn't carry no business record of it. I just carried a memorandum to the effect I made a deposit and did not have the bank book with me."

In the *Wildenberger Case* (*supra*) the plaintiff was a merchant

and Judge CARDOZO there said (at p. 428): " Liability existing we cannot say, as a matter of law, that the damages were merely nominal. The plaintiff was a trader. Some injury to credit may, therefore, be inferred (*Rolin* v. *Steward*, 14 C. B. 595; *Wiley* v. *Bunker Hill Nat. Bank*, 183 Mass. 495, at p. 496; *Third Nat. Bank* v. *Ober*, 178 Fed. Rep. 678, at p. 679; *Atlanta Nat. Bank* v. *Davis*, 96 Ga. 334). The damages to be awarded, whether nominal or substantial, must suffice for reparation. It is for a jury to assess them."

In the *Wiley Case* (at p. 496) the court said: " In the case of a trader, injury to his credit may be inferred from the fact that he is a trader, and substantial damages may be found and given upon proof of that fact without anything more. In the case of a person who is not a trader, if no special damages are alleged and proved, nominal damages at least may be recovered."

In the *Third National Bank Case* (at pp. 679, 680) the court said: " If the depositor is a merchant or trader, it will be presumed, without further proof, that substantial damages have been sustained. [Citing cases.] This rule proceeds upon the fact, commonly recognized, that the credit of a person engaged in such a calling is essential to the prosperity of his business, and the dishonoring of his checks is plainly calculated to impair it and to inflict a most serious injury. In common opinion, substantial damage is the natural and probable consequence of the act, and therefore a substantial recovery may be had, without pleading or proof of special injury. A leading case upon this subject is *Rolin* v. *Steward* (14 C. B. 595; 23 L. J. C. P. 148). It was one of the dishonoring of the checks of merchants or traders. In one of the opinions, WILLIAMS, J., said: ' As to the alleged misdirection, I think it cannot be denied that if one who is not a trader were to bring an action against a banker for dishonoring a check at a time when he had funds of the customer in his hands sufficient to meet it, and special damages were alleged and proved, the plaintiff would be entitled to recover substantial damages. And when it is alleged and proved that the plaintiff is a trader, I think it is equally clear that the jury, in estimating the damages, may take into their consideration the natural and necessary consequences which must result to the plaintiff from the defendant's breach of contract, just as in the case of an action for a slander of a person in the way of his trade, or in the case of an imputation of insolvency on a trader, the action lies, without proof of special damage.'

" On the other hand, if the depositor is not a merchant or trader, there is no such presumption of substantial injury, and his recovery should be a nominal one, unless he pleads and proves some special damage. *Bank of New South Wales* v. *Milvain*, 10 Vic. L. R. (Law

Cases) 3; *Burroughs* v. *Bank*, 87 Hun, 6; 33 N. Y. Supp. 864, affirmed without opinion 156 N. Y. 663; 50 N. E. 1115. Upon this latter proposition there is confusion and conflict in the decisions of the courts, due in large part to the undiscriminating application of *Rolin* v. *Steward* to cases wholly unlike it in the important particular mentione'd. But we think the rule stated is more in accord with the fundamental principles of the law of damages.

" Counsel contend that the presumption arising in the case of a merchant or trader is merely that he possesses credit, and that when the depositor is not a merchant or trader the fact not presumed may be established by proof, and the same right to substantial damages would then follow. The character of the presumption is misconceived. It is not so much the possession of credit, as it is that substantial injury thereto has been inflicted by the dishonoring of the check. The very reason for allowing general substantial damages to a merchant or trader, without a showing of special injury, implies a contrary rule, generally, as to those not of that class. A mere technical violation of a right is no just basis for a recovery of general and substantial damages, where no actual injury is shown, and none appear to follow as the natural and probable consequences of the act. In the case before us there was no averment of particular circumstances or special injury, aside from the protest fees, and none were proved."

*Davis* .v. *Standard National Bank* (50 App. Div. 210) is relied on by respondent to support his position. There, however, the court said (at p. 214): " But it did appear that the plaintiff was engaged in actual business, and that it was in the course of his actual business that these checks upon the defendant had been drawn;' and again (at p. 215) the plaintiff therein is referred to as " a prosperous business man in good standing," who, it can be inferred, " has suffered damage to his credit, so that his status in that regard has been changed." None of these facts appear in the present case, and in so far as the court in the *Davis* case declined to apply the rule of damages as applicable to a trader, the holding must be held to be erroneous in view of the latest pronouncement of the Court of Appeals on the subject in the *Wildenberger Case (supra)*.

It follows that the judgment should be modified by reducing the verdict in favor of plaintiff to six cents nominal damages, and the judgment as so modified and the order appealed from affirmed, with costs to appellant.

CLARKE, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Judgment modified as stated in order, and judgment as so modified and order appealed from affirmed, with costs to appellant.