THE CITIZENS' NATIONAL BANK OF DAVENPORT, IOWA, Respondent, v. THE IMPORTERS AND TRADERS' BANK, OF NEW YORK, Appellant.

Where one bank has funds on deposit with another, the law implies a contract between them that the latter shall pay the amount standing to the credit of the former, upon and according to its drafts or order, and a failure so to pay, is a breach of contract, for which the debtor bank is legally liable; the remedy of the depositor is not confined to a suit for the whole deposit.

A forged indorsement does not pass title to commercial paper, negotiable only by indorsement, and payment by the drawee of a draft so indorsed although in good faith, is, as to the true owner, no payment.

Plaintiff's complaint alleged, in substance, the making and delivery by it to W. & Co. of certain drafts, which were set forth, drawn upon defendant, with whom it had sufficient funds on deposit to pay the drafts, and made payable to the order of W. & Co., the indorsement of the drafts by the payees, a presentation and demand for payment, defendant's refusal to pay and protest for non-payment, and that, by reason of the non-payment, plaintiff was compelled to pay the amount of the drafts and take them up. The answer set up simply payment. *Held,* that while the complaint was technically open to criticism, yet it contained a plain state-

ment of the facts from which, as a legal conclusion, plaintiff had a right to recover for a breach of defendant's implied contract to pay out plaintiff's funds, and as defendant could in nowise have been misled, a recovery for that cause of action was proper.

*It seems* the averment that plaintiff repaid the money received for the drafts and took them up, was immaterial to establish a cause of action; the repayment simply established the amount of damages.

It appeared that W. & Co. purchased from plaintiff the drafts, which, after indorsing, they delivered to their bookkeeper to be forwarded to certain of their creditors. The bookkeeper erased the indorsements, forged others and used the drafts for his own purposes; they were finally presented by another bank to and paid by defendant. After the forgeries were discovered, and upon the return of the drafts to plaintiff, W. & Co. demanded and obtained them, and on presentation, defendant refused payment, on the ground that they had been paid. Plaintiff repaid to W. & Co., the amount paid for them. *Held,* that plaintiff was entitled to recover the amount of the drafts.

Defendant offered to prove that before plaintiff paid back to W. & Co. the amount of the dishonored drafts, that firm had settled with their bookkeeper, and for his indebtedness to them, including the appropriation of the drafts, had received certain property. This was objected to and excluded. *Held,* no error ; that this evidence was not admissible under the pleadings; also, if an answer had been allowed, it would not have shown that W. & Co. had been paid.

Reported below, 44 Hun, 386.

(Argued January 15, 1890 ; decided January 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 10, 1888, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court.

This action was brought by the plaintiff, a bank in the state of Iowa, to recover against the defendant, a bank in New York city, on the ground of the non-payment of certain drafts or bills of exchange, which plaintiff had drawn upon the defendant in favor and to the order of Wadsworth & Co. The complaint alleges, in ten counts, the making and delivery of the drafts, their indorsement by the payees, a presentation and demand for payment, the defendant's refusal and the protest for non-payment thereof; that at the time of defendant's refusal to pay the plaintiff had sufficient funds on deposit

with defendant wherewith to pay the drafts, and that by reason of the non-payment the plaintiff has been compelled to pay the amount of the drafts, and to take them up. The drafts were similar in form ; of one of them the following is a copy:

"$3,269.65.          State of Iowa.          No. 232245.

"The Citizens' National Bank of Davenport.

"DAVENPORT, *April* 7, 1884.

"Pay this first of exchange, second unpaid, to the order of W. C. Wadsworth & Co. thirty-two hundred and sixty-nine 65-100 dollars, in current funds.

"E. S. CARL, *Cashier.*

"To Importers and Traders' National Bank, }
          "New York." }

The defense set up in the answer was the payment of the described paper to the Fourth National Bank, as the holder thereof through various indorsements. The answer admitted the possession by defendant of sufficient deposits from the plaintiff to pay all of the paper. Upon the trial these facts were developed. W. & Co. bought these drafts from the plaintiff bank, in order to remit to their creditors in payment of sundry accounts, and, having appropriately indorsed them, delivered them to their bookkeeper to be sent off. He, however, erased the indorsements, forged others, and used the paper for his own purposes. It thereby came into other hands, and through the Fourth National Bank was presented to and paid by the defendant. The plaintiff's proofs establishing the forgeries, were undisputed. After the forgeries were discovered and upon the return to the plaintiff of the drafts from the defendant, W. & Co. demanded and obtained them back from the plaintiff and indorsed them to one W. for collection. He was refused payment of them by the defendant, on their presentation ; the defendant's cashier placing the refusal on the ground of their previous payment. W. then returned them to the payees, W. & Co. The plaintiff repaid to W. & Co. the moneys wherewith the drafts had been purchased by them, and then commenced this action.

*A. R. Dyett* for appellant. The court erred in sustaining plaintiff's objection to the questions put to William C. Wadsworth by defendant's counsel. (*Morris* v. *Rexford*, 18 N. Y. 522; *Rodermund* v. *Clark*, 46 id. 354; *Bank of Beloit* v. *Beal*, 34 id. 473; *Schiffer* v. *Dietz*, 83 id. 300; *Fowler* v. *B. S. Bank*, 113 id. 450; *Butler* v. *Miller*, 1 id. 496; *Littlefield* v. *Brown*, 1 Wend. 398; 11 id. 467; *Moller* v. *Tuska*, 87 N. Y. 166; *Comstock* v. *U. S. L. Ins. Co.*, 4 Hun, 783.) The court erred in refusing to dismiss the complaint and in directing a verdict for the plaintiff. (*Freund* v. *I. & T. Nat. Bank*, 76 N. Y. 352, 355; *Southwick* v. *M. Nat. Bank*, 81 id. 432; *N. R. Bank* v. *Aymars*, 2 Hill, 262; 16 N. Y. 137, 138.)

*George Wadsworth* for respondent. The plaintiff, as depositor, had the right to draw its checks against its deposit with the defendant for such sums as it chose, and was not bound to draw for the whole amount standing to its credit; it was the duty of the defendant to pay such checks, and upon its refusal to pay them, when presented by the payees, the depositor can maintain an action to recover so much of its deposit as the checks amount to. (*Viets* v. *U. N. Bank*, 101 N. Y. 563.) The cause of action arises upon the demand and refusal to pay; it is not necessary for the drawer to refund the money to the drawee. (*Rector* v. *Higgins*, 48 N. Y. 532; 2 Parson on Notes & Bills, 62, 63, 64.) The erasure of the names of the original indorsees, and the insertion of other names was a forgery and vitiated the whole instrument. (Code of Iowa, § 3917; Penal Code, § 509, subs. 2, 6; Chitty on Bills, 781; 2 Parsons on Notes & Bills, 584, chap. 15, § 2.) The fact that defendant paid the checks upon forged indorsements is no defense to this action. (*Frank* v. *C. Nat. Bank*, 84 N. Y. 209; *Godin* v. *Bank of Commonwealth*, 6 Duer, 76; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287; *Weissen*, v. *Denison*, 10 N. Y. 69; *Morgan* v. *Bank*, 11 id. 404; *Welsh* v. *Germ. Am. Bank*, 73 id. 424; *Thomson* v. *Bank of B. N. A.*, 82 id. 1; *Clews* v. *Nat. Bank*, 89 id. 418; *Com. Ex.*

*Bank* v. *Nassau Bank*, 91 id. 74; *Bank of B. N. A.* v. *M. N. B.*, Id. 106; *Frank* v. *Lanier*, Id. 112; *Crawford* v. *W. S. Bank*, 100 id. 50; *Weyerhauser* v. *Dun*, 100 id. 150; *Sims* v. *U. S. T. Co.*, 103 id. 472, 476; *Craighead* v. *Peterson*, 72 id. 279; *C. Nat. Bank* v. *N. R. Bank*, 44 Hun, 114; *People* v. *Bank of North America*, 75 N. Y. 547.) The defendant failed to establish its defense in that it did not prove that W. C. Wadsworth & Co. indorsed these checks, either to Bennett or Rumsey, and it also failed to prove the genuineness of the indorsements of Jno. W. Rumsey & Co. or of any of the subsequent indorsees. (Code Civ. Pro. § 522; *Arthur* v. *H. F. Ins. Co.*, 78 N. Y. 462; *Freund* v. *I. & T. Nat. Bank*, 76 id. 352; *C. N. Bank* v. *I & T. Nat. Bank*, 44 Hun, 389, 392.) The exceptions to the ruling on the questions asked of W. C. Wadsworth, as to his dealings with Bennett, are not well taken. (*Boardman* v. *Davidson*, 7 Abb. [N. S.] 439; *Rome Ex. Bank* v. *Eames*, 1 Keyes, 588; *Ritchmeyer* v. *Remsen*, 38 N. Y. 206; *Ryder* v. *Jenny*, 2 Robt. 56; Code Civ. Pro. § 3251; sub. 5; 19 N. Y. S. R. 430.)

Gray, J. The form of the complaint is perhaps, technically, open to a criticism that it seems to ground the action upon the drafts themselves, and, therefore, makes it one to recover plaintiff's deposits. Such a cause of action has not accrued to the plaintiff at all, upon the facts in this record. The cause of action, which is stated to have accrued to plaintiff, was for the refusal of the defendant to honor the plaintiff's drafts upon it. The contract between the two banks, as implied by law, was that the amount of funds standing to the credit of the plaintiff bank on the defendant's books should be held and paid out upon and according to the plaintiff's checks or order, and a failure to obey an order for their payment was a breach of the defendant's duty and contract, for which it is legally liable, either in tort, or upon the contract. In this case the breach of contract occurred upon the refusal to pay the plaintiff's drafts upon its funds to the order of the payees named, and a cause of action then arose in plaintiff's favor. But this criticism upon

the form of the complaint is not serious in its results, for the pleading may be upheld and the action maintained as one simply for the breach of the defendant's contract to pay the drafts of the plaintiff. The Code of Civil Procedure requires that a complaint shall contain a plain and concise statement of the facts constituting the cause of action, and that requisite is met here sufficiently. The pleading, after describing the drafts and stating the proceedings up to the protest for non-payment, alleges "that at the time said defendant so neglected and refused to pay, etc., plaintiff had sufficient money or funds on deposit with the defendant to its credit and subject to its draft or order wherewith to pay, etc., and that by reason of the non-payment the plaintiff has been compelled to pay and has paid the amount, etc." That is a plain statement of the facts from which, as a legal conclusion, the plaintiff's legal right to recover is deducible, and the defendant could in no wise be misled. This seems especially true; for by its answer the defendant admits that it was indebted to the plaintiff for moneys theretofore deposited subject to its draft, check, or order, in more than a sufficient sum to pay all the drafts; and it relies, to defeat the action, upon the defense of payment only.

As to the cause of action, I think it clearly one which did accrue to and became enforceable by the plaintiff. In the first place, we must regard the paper as never having been paid by defendant to the order of the plaintiff, for the rule is well and long established that a forged indorsement does not pass a title to commercial paper, negotiable only by indorsement, and payment by the drawee, although in good faith, of a draft so affected, is no payment at all as to the true owner. (*Graves* v. *American Exchange Bank,* 17 N. Y. 205.) It was the defendant's business to see to it that its depositor's moneys were expended according to its directions, and every expenditure was at the defendant's risk of the direction being valid and of the indorsement conveying title to the holder being genuine. (*Corn Exchange Bank* v. *Nassau Bank,* 91 N. Y. 74, 81.)

The defendant made no attempt to disprove the plaintiff's evidence as to the forged indorsements of the payees' names and orders, and the forgeries must be taken as proved. Forgeries may consist, in the legal sense, of any fraudulent alterations of paper by which another may be defrauded. (Chitty on Bills 781.) So, we have no payment by the defendant of these drafts proved and the question becomes solely one upon its objection to the right of the plaintiff to maintain this action for non-payment by the defendant to third persons of the drafts. Its counsel says the proper remedy was to sue for the deposits. That is not so. Here the cause of action is the breach of the implied and conceded contract to pay out the plaintiff's funds according to its drafts and order. The remedy was to sue for the breach and recover against the defendant in an amount equal to the amount of the plaintiff's drafts, which were refused payment. That the plaintiff repaid to W. & Co. the moneys they had paid to it, to obtain these drafts, and, thereby, reacquired the paper is wholly immaterial, as long as the action is not upon the drafts themselves. If the plaintiff was suing upon this paper through a derivative title from W. & Co., it would be a very different question, indeed. But the payment back of the moneys to W. & Co. established the damage and its extent, to which the defendant's act subjected the plaintiff. The acquisition thereby, and the holding and exhibition of the dishonored drafts are evidences of the facts constituting the cause of action. In recent cases this court has passed upon similar questions as to the rights of drawers of checks; to which we may in fact, liken this paper. In *Bank of British North America* v. *Mercantile Nat. Bank* (91 N. Y. 111), the case shows the payment by the defendant bank of a check given by the plaintiff bank to H., and made payable to her order. Her indorsement was forged, and the money collected by another person. When the facts of the forgery and of the payment were discovered, the action was commenced. It is true the only defense was the statute of limitations, but EARL, J., in his opinion, which was concurred in by all the judges, said: "When the defendant paid the check upon the forged indorsement, it paid its

own money and discharged no part of its indebtedness to the plaintiff. * * * The plaintiff lost none of its rights by receiving, under a mistake as to the facts, the check as one properly paid and charged to its account by the defendant." But later, in the case of *Viets* v. *Union Nat. Bank* (101 N. Y. 563), this rule was laid down, that "the refusal to pay on presentation of the check, which presentation is equivalent to a demand of payment, gives to the drawer a right of action, in case he has funds in the bank to meet the check, and the refusal to pay was without his authority."

This doctrine, I find, has the distinct support of a decision of the King's Bench in the case of *Marzetti* v. *Williams* (1 B. & Adol. 415). That was an action by the drawer of a check against his bankers for failing to pay it to the payees named therein, on presentation. The dishonor was through some inadvertence of the bankers, and, as matter of fact, the check being presented the next day, it was then paid. Lord Tenterden held that the action was maintainable, as one founded on the banker's implied contract with his customer, that he will pay checks drawn by him, provided he has moneys of the customer, and a breach of that contract was created when the defendants would not pay the check. Nominal damages were awarded the plaintiff in that case, though he might not have sustained a damage in fact. Justices Parke, Taunton and Patterson agreed with Lord Tenterden, holding that it was immaterial whether the action was, in form, tort or assumpsit.

The rule is well supported in principle, as well as by the authorities, and governs this case. The damage to the plaintiff here was not merely nominal, for the dishonor of its drafts, but actual, for the amount represented by them, and which the plaintiff had to make good to the payees.

There is but one other question which I think calls for further consideration, and that is as to the exclusion of certain evidence, which the defendant sought to elicit from the witness Wadsworth. By a question to that witness, who was one of the payees of the drafts, defendant endeavored. to prove

that when the plaintiff paid back to Wadsworth & Co. the moneys for the drafts which had been dishonored, they had settled with their bookkeeper, and, for his indebtedness to them, including the appropriation by him of these drafts, had received certain property. In support of their right to make this proof they argue that if W. & Co. had made a settlement with their bookkeeper, they were not in any position to demand back the drafts which had been returned to the plaintiff by the defendant as paid, and if plaintiff redelivered the drafts to them under such a state of .facts, it acted in its own wrong and the defendant would not be liable. Without discussing the features of such a case, it is sufficient to say that there are two good reasons for the exclusion of the evidence. In the first place no such defense was set up by the answer; nor did that pleading contain any allegation which would raise any other issue than the issue of payment. In the next place, the question, if answered according to its tenor, would not elicit any proof that W. & Co. had been paid. It called for the witness' testimony as to whether his firm did not charge the bookkeeper with the drafts and then take from him various kinds of property "as security for this entire indebtedness, consisting of the checks in part, and did they not receive that property, and did they not collect something from it, etc." But, that they may have received some securities for his indebtedness would not establish the fact of a payment and extinguishment of any claim based on the purchase of the drafts which were dishonored.

I think the action was rightly disposed of below and the judgment appealed from should be affirmed with costs.

All concur.

Judgment affirmed.