WILLIAM O. WILEY *vs.* BUNKER HILL NATIONAL BANK.

Suffolk.   November 18, 1902. — June 17, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Bills and Notes.   Damages,* Equitable set-off.

A bank refusing to honor checks of a depositor, when it has sufficient funds belonging to him not subject to any lien or claim, is liable to the depositor for all damages that are the natural and reasonable consequences of its act, and also for any special damage properly alleged and proved. If the depositor is a trader injury to his credit may be inferred from that fact and substantial damages may be given without further proof.

A bank having funds of a depositor has no right of equitable set-off entitling it to refuse to pay the depositor's checks, in order to apply the funds to unmatured notes of the depositor to the bank, on the ground that the depositor is in fact insolvent, if proceedings in insolvency or bankruptcy have not been instituted by or against him and he has not made an assignment at common law.

CONTRACT AND TORT, by a trader engaged in the business of buying and selling coal and wood in that part of Boston called Charlestown, against a bank for refusing to pay certain checks of the plaintiff, thereby injuring his credit. Writ dated February 25, 1898.

At the trial in the Superior Court before *Richardson,* J., the jury returned a verdict for the plaintiff in the sum of $25,000, of which he was required by the judge to remit all in excess of $10,000. The defendant alleged exceptions.

*L. S. Dabney & H. W. Bragg,* for the defendant.

*G. A. Blaney & C. W. Bartlett,* for the plaintiff.

MORTON, J. This is an action to recover damages for the refusal by the defendant to honor certain checks drawn on it by the plaintiff against a deposit subject to check which he had with the defendant, and which was more than sufficient to meet the checks so drawn when presented. The action is described in the writ as in contract and tort, it being doubtful to which class it belongs. The declaration contains eight counts. The eighth count was waived at the trial and the case proceeded on the remaining counts, each count representing a different check. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the presiding judge

to give certain rulings asked for by it, and to the giving by him of certain rulings requested by the plaintiff. There is also an appeal by the defendant from the overruling of a demurrer to the declaration. This has not been argued and we therefore treat it as waived.

A bank is bound to honor checks drawn on it by a depositor if it has sufficient funds belonging to the depositor when the check is presented and the funds are not subject to any lien or claim, and for its refusal or neglect to do so it is liable to an action by the depositor. *National Mahaiwe Bank* v. *Peck*, 127 Mass. 298. *Carr* v. *National Security Bank*, 107 Mass. 45, 48. *Dana* v. *Third National Bank*, 13 Allen, 445, 448. *Marzetti* v. *Williams*, 1 B. & A. 415. *Rolin* v. *Steward*, 14 C. B. 595. *American National Bank* v. *Morey*, 69 S. W. Rep. 759. *Hopkinson* v. *Forster*, L. R. 19 Eq. 74. 2 Parsons, Notes & Bills, 62, 63. 2 Dan. Neg. Instr. § 1642. 5 Am. & Eng. Encyc. of Law, (2d ed.) 1059, 1060.

The cause of action, though sometimes spoken of as in the nature of a tort, arises out of a breach of the contract implied from the relation of the parties, that the banker will honor the checks of the depositor, and the party aggrieved may recover, as in other cases of a breach of contract, for the damages that are the natural and reasonable consequences of the breach. Special damages may also be recovered if they are properly alleged. *Marzetti* v. *Williams, Rolin* v. *Steward,* and *Hopkinson* v. *Forster, ubi supra. Prehn* v. *Royal Bank of Liverpool,* L. R. 5 Ex. 92. *Larios* v. *Bonany y Gurety,* L. R. 5 P. C. 346. *Fleming* v. *Bank of New Zealand,* [1900] A. C. 577. *Patterson* v. *Marine National Bank,* 130 Penn. St. 419, 433. *Schaffner* v. *Ehrman,* 139 Ill. 109. *James* v. *Continental National Bank,* 105 Tenn. 1. *Svendsen* v. *State Bank of Duluth,* 64 Minn. 40. *American National Bank* v. *Morey,* 69 S. W. Rep. 759. *Robey* v. *Oriental Bank,* 2 New South Wales, (N. S.) 56, 63.

In the case of a trader injury to his credit may be inferred from the fact that he is a trader, and substantial damages may be found and given upon proof of that fact without anything more. In the case of a person who is not a trader, if no special damages are alleged and proved, nominal damages at least may be recovered. In the present case the declaration alleges that

the plaintiff was and had been a trader engaged in the business of buying and selling coal and wood in Charlestown, and there was evidence tending to show that his business amounted to $150,000 yearly. It was competent, therefore, for the jury to find and award substantial damages, and the ruling requested that the plaintiff could recover only nominal damages was rightly refused, unless the rulings requested in regard to set-off should have been given. For reasons already given the first request was also rightly refused, as was also that part of the second which sought to limit the defendant's liability to the amount of the plaintiff's funds in its hands or to the amount of the check or checks that were refused payment. The rest of the second request was given.

The remaining question relates to the right in equity of the defendant to set off by reason of the plaintiff's insolvency against the deposit two unmatured notes made by the plaintiff and discounted and held by the defendant. This is an action at law and the defendant concedes that there is no right of set-off at law. But it contends that the plaintiff being in fact insolvent at the time when the checks in question were drawn and presented, it had the right in equity to refuse payment and to apply the deposit to the notes held by it against the plaintiff notwithstanding they had not matured. No question is made as to the defendant's right to deduct the demand notes from the plaintiff's deposit; but the plaintiff contends that neither in equity nor at law had the defendant the right to set off the notes that were not due. It is to be observed that the answer does not in terms at least aver that the defendant had a right to an equitable set-off, and acted thereunder, though it alleges that the plaintiff was in fact insolvent prior to the presentment of the checks. But this objection has not been taken. At the time when the defendant refused to pay or honor the check in question no proceedings had been instituted by or against the plaintiff to have him adjudged insolvent. He had not made the common law assignment which he subsequently made. For aught that appears he was in good standing and credit and could have gone on indefinitely as he had been going on unless confronted with unfavorable conditions. The defendant required him to make a statement of his assets and liabilities,

which he did, and thereupon, it appearing that his liabilities exceeded his assets, the defendant decided that he was insolvent, and refused to honor checks which he had previously given and claimed the right to set off the unmatured notes against the deposit. If proceedings in insolvency or bankruptcy had been instituted by or against the plaintiff at or before the presentment of the checks, or even if the plaintiff had made an assignment at common law for the benefit of his creditors the case would no doubt have stood differently. The defendant has cited many cases, including several from the Supreme Court of the United States, in which it contends that the doctrine of equitable set-off has been applied in favor of banks and others under circumstances similar to those in this case. The last case cited from the United States Supreme Court is *Scott* v. *Armstrong*, 146 U. S. 499. It was there laid down that where mutual credits and obligations have grown out of and are connected with the same transaction, insolvency on the one hand will justify setting off, in equity, the debt due upon the other. The Chief Justice said in the course of the opinion, " In the case at bar the credits between the banks were reciprocal and were parts of the same transaction, in which each gave credit to the other on the faith of the simultaneous credit, and the principle applicable to mutual credits applied," and it was held that, under the circumstances there shown, there was a right of set-off in equity. The case would hardly seem to warrant the broad rule contended for by the defendant. But without undertaking to review all the cases cited by the defendant, and conceding, as the defendant contends, that the right of equitable set-off exists independently of statute, and of insolvency or bankruptcy, we think that the present case is concluded by *Spaulding* v. *Backus*, 122 Mass. 553. In that case the court said, " Whatever may be the rights of a party whose debt is due and payable, to compel an insolvent debtor to set off a claim against him not due, — which question we are not called upon here to decide, — we are clearly of opinion that a party, whose debt is not due, has no equitable claim to have it set off against a debt of his own, already due, in the hands of a party who is insolvent." It seems to us that this is decisive of the case before us. See also *In re Commercial Bank Corporation of India*, L. R. 1 Ch. 538.

It is to be observed that the jury returned a verdict for the plaintiff, and they must be taken to have found that he was solvent according to the usual meaning of that term, (*Thompson* v. *Thompson*, 4 Cush. 127, *Lee* v. *Kilburn*, 3 Gray, 594, *Peabody* v. *Knapp*, 153 Mass. 242,) at the time when his checks were dishonored.

*Exceptions overruled.*