# Cox *v.* Birmingham Railway Light & Power Co.

## *Death Action.*

### (Decided Nov. 25, 1909.  50 South. 975.)

1. *Damages; Punitive Damages; Discretion of Jury.*—The discretion in a jury in awarding punitive damages is not an unbridled. or arbitrary one, but is a legal, sound and honest discretion, to be exercised with a view to the enormity of the wrong as shown by the circumstance, which cannot be determined merely by the consequences of the wrongful act.

2. *New Trial; Grounds; Excessive Verdict.*—The jury's abuse of its discretion in awarding punitive damages is a proper subject for correction by the trial court in granting a new trial.

3. *Same; Review.*—The question to be determined where the trial court sets aside the verdict on account of excessive damage is not whether the Supreme Court sitting as a trial court would have so ruled, but whether the trial court with its superior opportunities for determining the question erred. in so' ruling.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN H. MILLER, Special Judge.

Action by S. E. Cox as administratrix, against the Birmingham Railway, Light & Power Company, for causing the death of her intestate. There was judgment for plaintiff, and on motion the trial court set aside the judgment. From this order, plaintiff appeals. Affirmed.

BOWMAN, HARSH & BEDDOW, for appellant.—It appears that the defendant was stimulated by the verdict to a diligence which it should have exercised before the trial. *K. C. M. & B. v. Phillips,* 98 Ala. 159; *Bayonne K. Co. v. Umbenhauer,* 107 Ala. 496; 11 Ency. P. & P. 823. The affidavits brought forward no newly discovered evidence that would have changed the result of the trial.—14 Ency. P. & P. 792. The verdict was not excessive.—

[Cox v. Birmingham Railway Light & Power Co.]

*Southern Ry. v. Shelton,* 136 Ala. 203; *Southern Ry. v. Bonner,* 141 Ala. 523; *K. C. & B. v. Matthews,* 142 Ala. 304.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee.— The question is not whether this court would have disturbed the verdict of the jury, but whether it will disturb the action of the trial judge who heard the evidence.—*Southern Ry. Co. v. Shelton,* 136 Ala. 203; *Dillard v. Savage,* 98 Ala. 598. Unless the verdict is plainly and palpably supported by the evidence, the action of the court in setting it aside will not be reviewed.— *Cobb v. Malone,* 92 Ala. 630; *Merrill v. Brantley,* 133 Ala. 537; *Owen v. McDermott,* 41 South. 730. The discretion of the jury in awarding punitive damages is not an unbridled or unlicensed one.—*Coleman v. Pepper,* 49 South. 310.

DOWDELL, C. J.—This is an action for damages for the wrongful killing of the plaintiff's intestate. The case was tried on the twenty-fourth, twenty-fifth, and twenty-sixth counts of the complaint. Intentional or wanton wrong is alleged in the twenty-fourth count, while the twenty-fifth and twenty-sixth counts are based on simple negligence. In each of these counts the damages claimed are laid in the sum of $30,000. A verdict for the plaintiff was returned by the jury for $15,000. This verdict the trial court on motion of the defendant set aside and ordered a new trial; and it is from this order that the present appeal is prosecuted under the statute. The only assignment of error on the record is based on the order appealed from, setting aside the verdict and granting the new trial.

Among other stated grounds of the motion for a new trial was that of the verdict's being excessive. This is

one of two grounds upon which, according to the assumption of counsel for appellant, the trial court based its conclusions in granting a new trial; counsel insisting that the ruling was reversible error. If, for the sake of argument, it should be conceded that the verdict of the jury in the present case was referable only to the wanton count of the complaint, which authorized the imposition of exemplary or punitive damages, it does not follow that in the assessment of such damages the jury is to be left to an unbridled and arbitrary power, without any guide in law or beyond the supervision and control of the court. We find the principle well stated in the recent case of *Coleman v. Pepper,* 159 Ala. 310, 49 South. 310, where it was said: "Punitive damages being apart from compensation, are not recoverable as a matter of right. Their imposition is discretionary with the jury. And this discretion is not an unbridled or arbitrary one, but a legal, sound, and honest discretion; and after instructing the jury in respect to the elements which must be found to exist, to warrant the assessment of such damages, in submitting to the jury the question of imposing punitive damages, the court should always safeguard the submission with such instructions as that the jury will not be misguided, but will be held mindful, in fixing such damages, that they should act with due regard to the enormity or not of the wrong, and to the necessity of preventing similar wrongs, and that, if such damages are imposed, they should be in such an amount (much or little) as, under all the circumstances attending the commission of the wrong, the exigencies of the case, in the sound judgment and discretion of the jury, may demand, in no event to exceed the amount claimed in the complaint"—citing authorities in support of the principles stated.

[Cox v. Birmingham Railway Light & Power Co.]

It seems, therefore, to be well settled that in the imposition of punitive damages the descretion of the jury is not unlimited, but qualified. It must be sound and legal, and be exercised with due regard to attendant circumstances in the wrong complained of, its enormity, etc. And the enormity of the wrong is not to be determined alone by the consequences of the act, though these, in connection with the manner of its commission, whether or not intentionally done, or otherwise attended with circumstances of aggravation, may be accorded their due weight; hence the mere fact that death results does not alone and of itself determine the enormity of the wrong. As to the measurement of damages in such a case, it was said in *Richmond & Danville Railroad Co. v. Freeman,* 97 Ala. 294, 11 South. 800, that "the admeasurement of the recovery must be by reference alone to the quality of the wrongful act or omission, the degree of culpability involved in the doing of the act or in the omission to act as required by the dictates of care and prudence, and without reference to or consideration of the loss or injury the act or omission may occasion to the living." Since the discretion to be exercised by the jury in the assessment of the damages measured by the degree of culpability of the act, must be a sound and reasonable one, it necessarily follows that any abuse of such discretion is subject to correction by the court, on motion to set aside the verdict and grant a new trial.

In reviewing the action of the trial court in setting aside the verdict and granting a new trial upon the ground that the verdict was excessive, we can see no good reason for not applying the same rule of presumptions to the trial court's action as was laid down in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, touching other grounds here mentioned. In the case under consideration the evidence without dispute showed that the injury

was not intentionally nor wrongfully inflicted. As to wantonness, while the evidence might have been open to conflicting inferences, it cannot be said, as against the ruling of the trial court on the motion, that it plainly and palpably showed such a degree of reckless disregard of human life as to support the verdict for the amount returned by the jury. The question is, not what this court might have ruled, sitting as a trial court, but can we say that the trial court, with superior and better opportunities for determining the question, erred in its ruling? This we are not prepared to say, under all the facts and circumstances in the present case.

The ground of the motion considered by us being conclusive of the appeal, it is unnecessary to notice other grounds.

The judgment is affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.