THIRD NAT. BANK OF ST. LOUIS v. OBER.

(Circuit Court of Appeals, Eighth Circuit. April 11, 1910.)

No. 3,061.

BANKS AND BANKING (§ 143*)—LIABILITY OF BANK TO DEPOSITOR FOR RE-
FUSAL TO PAY CHECK—DAMAGES.

A depositor, whose check is dishonored by a bank when he has funds on deposit to meet it, has a right of action against the bank for a violation of his legal rights, and is entitled to recover at least nominal damages. If he is a merchant or trader, it will be presumed, without further proof, that substantial damages are sustained, and such damages may be recovered; but, if he is not a merchant or trader, there is no such presumption, and where the act of the bank was without malice, and simply the result of a clerical error, he is entitled to recover only nominal damages, unless special damages are alleged and proved.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 414; Dec. Dig. § 143.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action by William A. Ober against the Third National Bank of St. Louis. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

H. Chouteau Dyer (Eugene H. Angert, on the brief), for the plaintiff in error.

Walter N. Davis (Horace L. Dyer, on the brief), for the defendant in error.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This was an action by William A. Ober to recover damages of the Third National Bank of St. Louis for its failure to pay a check drawn by him on his account. He obtained a judgment, and this writ of error was prosecuted.

Ober, who lived in Natchez, Miss., had a small account with the defendant bank at St. Louis, Mo., and, wishing to transfer a part of it to his home bank, he drew a check in its favor for $50. At the time his account with defendant had a credit balance of $122.14. When in due banking course the check was presented, defendant refused payment on the ground that Ober's account had been withdrawn. The

---

check was protested for nonpayment. There was no malice or ill will, in the action of defendant. It was due solely to a clerical error of a bookkeeper. Ober was not a merchant or trader. He sued for the protest fees, and for general damages to his honor, truth, and business standing. Aside from the protest fees, no special damages were alleged in his petition, and the evidence at the trial disclosed none. He received a verdict and judgment for $500.

The trial court refused defendant's request that the jury be instructed to confine their verdict to the protest fees and interest. It then instructed them substantially as follows:

There is no evidence that defendant acted maliciously in refusing payment of the check, nor that plaintiff sustained special damage. If there was evidence of this character, you would be justified in awarding substantial damages. As there was no malice, but only a bookkeeper's mistake, and as special damages are not shown, the question is: What is the measure of damage? The plaintiff is entitled to recover the protest fees "and such other damages as under all the evidence in the case you may believe he is entitled to. * * * You are all business men, and I am disposed to leave the question entirely to your decision and judgment, without any special comment, only saying to you, however, that you ought not limit your verdict to nominal damages, but to give the plaintiff such temperate damages as you, in your judgment, may deem to be reasonable compensation for the injury he sustained by dishonoring his check. As to this you are the sole and exclusive judges."

The jury retired, and returned into court for further explanation of the instructions, saying:

"We want to know whether we are required to give plaintiff some substantial damages."

The court responded that the instructions meant:

"There should be no excessive damages, and not mere nominal damages; that the jury should award such damages as they believe from all the circumstances plaintiff is entitled to."

Appropriate exceptions were taken by defendant. As already observed there was a verdict for $500.

With some exceptions the underlying principle of the law of damages is compensation for the injury done. In cases of malice, willful wrongdoing, a conscious disregard of the rights of others, and the like, an additional award may be given by way of punishment. Again, every invasion of a legal right is presumed in law to cause an injury, and, though none is shown, there may nevertheless be a recovery of nominal damages, with costs of the action. Such a recovery is a judicial recognition of the right and an admonition that it cannot be invaded with impunity. The relation between banker and depositor is one of contract. The right of the latter is that, to the extent of his credit balance subject thereto, his checks drawn and presented according to the customs and usages of the business shall be promptly honored. For a breach of this right an action for damages will lie. If the depositor is a merchant or trader, it will be presumed, without further proof, that substantial damages have been sustained. Schaffner v. Ehrman, 139 Ill. 109, 28 N. E. 917, 15 L. R. A. 134, 32 Am. St. Rep. 192; James Co. v. Bank, 105 Tenn. 1, 58 S. W. 261, 51 L. R.

A. 255, 80 Am. St. Rep. 857; Svendsen v. Bank, 64 Minn. 40, 65 N. W. 1086, 31 L. R. A. 552, 58 Am. St. Rep. 522.

This rule proceeds upon the fact, commonly recognized, that the credit of a person engaged in such a calling is essential to the prosperity of his business, and the dishonoring of his checks is plainly calculated to impair it and to inflict a most serious injury. In common opinion, substantial damage is the natural and probable consequence of the act, and therefore a substantial recovery may be had, without pleading or proof of special injury. A leading case upon this subject is Rolin v. Steward, 14 C. B. 595, 23 L. J. C. P. 148. It was one of the dishonoring of the checks of merchants or traders. In one of the opinions, Williams, J., said:

> "As to the alleged misdirection, I think it cannot be denied that if one who is not a trader were to bring an action against a banker for dishonoring a check at a time when he had funds of the customer in his hands sufficient to meet it, and special damages were alleged and proved, the plaintiff would be entitled to recover substantial damages. And when it is alleged and proved that the plaintiff is a trader, I think it is equally clear that the jury, in estimating the damages, may take into their consideration the natural and necessary consequences which must result to the plaintiff from the defendant's breach of contract, just as in the case of 'an action for a slander of a person in the way of his trade, or in the case of an imputation of insolvency on a trader, the action lies, without proof of special damage."

On the other hand, if the depositor is not a merchant or trader, there is no such presumption of substantial injury, and his recovery should be a nominal one, unless he pleads and proves some special damage. Bank of New South Wales v. Milvain, 10 Vic. L. R. (Law Cases) 3; Burroughs v. Bank, 87 Hun, 6, 33 N. Y. Supp. 864, affirmed without opinion 156 N. Y. 663, 50 N. E. 1115. Upon this latter proposition there is confusion and conflict in the decisions of the courts, due in large part to the undiscriminating application of Rolin v. Steward to cases wholly unlike it in the important particular mentioned. But we think the rule stated is more in accord with the fundamental principles of the law of damages.

Counsel contend that the presumption arising in the case of a merchant or trader is merely that he possesses credit, and that when the depositor is not a merchant or trader the fact not presumed may be established by proof, and the same right to substantial damages would then follow. The character of the presumption is misconceived. It is not so much the possession of credit, as it is that substantial injury thereto has been inflicted by the dishonoring of the check. The very reason for allowing general substantial damages to a merchant or trader, without a showing of special injury, implies a contrary rule, generally, as to those not of that class. A mere technical violation of a right is no just basis for a recovery of general and substantial damages, where no actual injury is shown, and none appear to follow as the natural and probable consequences of the act. In the case before us there was no averment of particular circumstances or special injury, aside from the protest fees, and none were proved. On the contrary, witnesses of plaintiff, who knew of the dishonoring of his check, testified that his credit was not injured. We think the court

erred in instructing the jury that the verdict should be for more than the protest fees and nominal damages.

The judgment is reversed, and the cause remanded for a new trial.