(85 South. 529)

FIRST NAT. BANK OF HUNTSVILLE v. STEWART. (8 Div. 249.)

(Supreme Court of Alabama. April 22, 1920.)

1. Banks and banking ☜143(7) — Punitive damages for teller's wanton failure to pay check discretionary.

In an action against a bank for failure or refusal to pay a check when there were funds on deposit, charge that, if jury were satisfied conduct of teller was recklessly indifferent as to probable consequence of his act, plaintiff was entitled to recover punitive damages, if she was damaged by such wanton conduct, *held* erroneous; punitive damages, under facts hypothesized, not being matter of right, but discretionary with jury.

2. Appeal and error ☜1068(4)—Trial ☜296 (11)—Error in charge authorizing punitive damages not corrected or rendered harmless by oral charge or by amount of verdict.

In an action against a bank for failure or refusal to pay $10 check when funds were on deposit, error in charge, predicating recovery of punitive damages on wanton failure of teller to pay, *held* not corrected or rendered harmless by oral charge, or by fact that damages of only $75 were assessed.

3. Damages ☜142—Special damages not recoverable without allegation and proof.

Save where a tort is committed maliciously, willfully, or wantonly, allegation and proof of special damages is necessary to sustain recovery thereof.

4. Banks and banking ☜143(4)—Special damages from failure to pay check must be alleged and proved by depositor, not a merchant.

Special damages to the depositor from a bank's failure or refusal to pay a check when there are funds on deposit must be alleged and proved to be recoverable, unless the depositor

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is a merchant or trader, injury to whose credit may be presumed.

**5. Banks and banking ⚷⚬143(2)—Liability for failure to pay check enforceable in tort or contract.**

Liability of a bank on failure to pay its customer's check when there are funds on deposit may be enforced in tort or contract.

**6. Appeal and error ⚷⚬232(3)—Exception and request to charge sufficient to raise question of error in permitting recovery of punitive damages without pleading.**

In action against bank for refusal to pay check, exception to special written charge predicating recovery of punitive damages on wanton refusal of teller to pay, and defendant bank's requested charge that, if check was refused merely by mistake, plaintiff could recover nominal damages only, were sufficient to raise question of error in permitting recovery of punitive damages, or assessment of special damages without allegation and proof.

**7. Trial ⚷⚬89—Unresponsive answer of witness should have been excluded.**

Defendant's motion to exclude an unresponsive answer of a witness should have been sustained, where the answer was immaterial and irrelevant to any issue in the cause and probably prejudicial to defendant.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by Lucy Stewart against the First National Bank of Huntsville for damages for failing or refusing to pay a check when she had funds on deposit. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Charge 1, given at plaintiff's request, is as follows:

(1) If you are reasonably satisfied from the evidence in this case that the conduct of the teller of the defendant bank was characterized by a reckless indifference as to the probable consequence of his act in telling the payee of plaintiff's check that she had no funds with the defendant bank, then he would be guilty of wantonness, and plaintiff would be entitled to recover punitive damages of the defendant bank, if you are reasonably satisfied from the evidence that she was damaged as the result of such wanton conduct on the part of the teller.

Spragins & Speake, of Huntsville, for appellant.

Plaintiff was not entitled to punitive damage, but only such damage as, in its discretion, the jury might award. 131 Ala. 429, 30 South. 777; 159 Ala. 310, 49 South. 310; 163 Ala. 170, 50 South. 975. Plaintiff was trader, or in business, and was really entitled to only nominal damages. 7 Corpus Juris, 697, and notes.

R. E. Smith and C. L. Watts, both of Huntsville, for appellee.

Plaintiff recovered only temperate damages, and hence no error intervened as to the giving of charges. 74 S. C. 185, 54 S. E. 206, 7 Ann. Cas. 818; 29 App. Cas. 580; 96 Ga. 334, 23 S. E. 190, 51 Am. St. Rep. 139; 130 Pa. 419, 18 Atl. 632, 17 Am. St. Rep. 779.

SAYRE, J. Appellee sued appellant for damages, alleging that appellant had refused to pay appellee's check for the sum of $10, notwithstanding appellee at the time had funds to that amount on deposit with appellant and subject to her check. In the complaint upon which the case was submitted to the jury there was no allegation of special damages. As originally framed, several counts contained an allegation that the effect of defendant's statement that plaintiff had no account at the bank, made when payment was refused, was to charge that plaintiff had obtained the goods, for which the check had been given, by a worthless check in violation of the criminal law, and that in consequence of such false statement plaintiff had been arrested and imprisoned; but this allegation was stricken on defendant's motion. The court instructed the jury to find for the plaintiff. The propriety of this instruction, under the evidence, is not questioned. Errors assigned relate to questions of evidence and certain instructions touching upon the measure of damages.

[1, 2] The charge which we have designated on the margin of the record as charge 1, given on plaintiff's request, was error. On the facts hypothesized, punitive damages were not a matter of right, as the charge asserted, but were discretionary with the jury. Cox v. B. R. L. & P. Co., 163 Ala. 170, 50 South. 975; Coleman v. Pepper, 159 Ala. 310, 49 South. 310; L. & N. R. R. Co. v. Bizzell, 131 Ala. 429, 30 South. 777. It is sought to obviate the effect of this error by reference to the court's oral charge in which the jury were told that, in the event of a finding that the bank acted in reckless disregard of plaintiff's rights, they might assess damages for the purpose of punishment, and by the affirmation that the amount of damages assessed, viz. $75, is proof conclusive that punitive damages were not assessed, but that the assessment was in pursuance of the court's instruction to the effect that, if the bank acted fairly, making such investigation as was reasonable and proper, and yet failed to honor plaintiff's check, she was entitled to recover "temperate" damages, not in the nature of punishment, but in the way of compensation. The error of the charge cannot be relieved on either ground. The oral charge could have corrected the error of the special charge in question only by some manner of statement or other treatment tantamount to an instruction that the jury were not to accept the charge as a correct state-

---

ment of the law. The record shows no recognition nor correction of the error of the charge.

[3] There is authority for the proposition that, even though the dishonor of plaintiff's check was the result of mere inadvertence on the part of the bank, and there was no proof of special damages, recovery should not be limited to nominal damages, but "temperate" damages should be awarded by way of compensation. 2 Morse on Banks (5th Ed.) § 458, cases cited in note 3a. But the rule of the cases to be found noted in the authority supra is an exception to the general rule of the common law that, save where a tort is committed maliciously, willfully, or wantonly, allegation and proof is necessary to sustain a recovery of special damages. And the authorities indicate that the rule, as applied to cases like that before us, is based upon public policy. As said in Patterson v. Marine Nat. Bank, 130 Pa. 419, 18 Atl. 632, 17 Am. St. Rep. 778:

"A bank is an institution of a quasi public character. * * * The business of the community would be at the mercy of banks if they could at their pleasure refuse to honor their depositors' checks, and then claim that such action was the mere breach of an ordinary contract, for which only nominal damages could be recovered, unless special damages were proved."

Upon some such consideration was the rule founded in its beginning, and hence it was that stress was laid by the courts upon the fact that the depositor was a merchant or trader.

"Though it is admitted by the authorities that the right to recover substantial damages does not depend on the depositor's occupation, there is a distinction between an ordinary depositor and a depositor who is a merchant or trader. If the depositor is a merchant or trader, it will be presumed without further proof that substantial damages have been sustained; but, if the depositor is not a merchant or trader, there is no such presumption of substantial injury, and his recovery should be a nominal one, unless he alleges and proves some special damage." Note to Commercial Nat. Bank v. Latham, Ann. Cas. 1913A, 999 (29 Okl. 88, 116 Pac. 197), citing St. Louis Third Nat. Bank v. Ober, 178 Fed. 678, 102 C. C. A. 178; Spearing v. Whitney Cent. Nat. Bank, 129 La. 607, 56 South. 548; Western Nat. Bank v. White, 62 Tex. Civ. App. 374, 131 S. W. 828.

In Rolin v. Stewart, 14 C. B. 595, 78 E. C. L. 595, the leading case on this subject, it was said by Williams, J.:

"I think it cannot be denied that, if one who is not a trader were to bring an action against a banker for dishonoring a check at a time when he had funds of the customer in his hands sufficient to meet it, and special damage were alleged and proved, the plaintiff would be entitled to recover substantial damages; and when it is alleged and proved that the plaintiff is a trader, I think it is equally clear that the

jury, in estimating the damages, may take into their consideration the nature and necessary consequences which must result to the plaintiff from the defendant's breach of contract, just as in the case of an action for slander of a person in the way of his trade, or in the imputation of insolvency on a trader, the action lies without proof of special damage."

In Wiley v. Bunker Hill Nat. Bank, 183 Mass. 495, 67 N. E. 655, which was an action of this character, the court said:

"Special damages may also be recovered, if they are properly alleged. * * * In the case of a trader, injury to his credit may be inferred from the fact that he is a trader, and substantial damages may be found and given upon proof of that fact, without anything more."

Such is the rule in New York. Burroughs v. Tradesmen's Nat. Bank, 87 Hun, 6, 33 N. Y. Supp. 864, affirmed in 156 N. Y. 663, 50 N. E. 1115. Other cases to the same effect might be cited; still others, to the contrary. See Lorick v. Palmetto Bank & Trust Co., 74 S. C. 185, 54 S. E. 206, 7 Ann. Cas. 818; Commercial Nat. Bank v. Latham, supra, and notes.

[4] We think the reason of the matter and the precedents of the common law, which have been followed by this court in analogous cases (Age-Herald Pub. Co. v. Waterman, 188 Ala. 272, 285, 66 South. 16, Ann. Cas. 1916E, 900), support the rule of the cases from which we have quoted. In Hooper v. Herring, 14 Ala. App. 455, 70 South. 308, which is supposed to have been before the court at the trial, plaintiff was a trader, and the authority cited predicated its ruling on the case of a trader.

[5, 6] The cause of action in a case of this sort arises out of the bank's implied contract —and out of the contract, a duty—to pay its depositor's check upon demand. Liability upon a failure to pay may be enforced in tort or in contract. The counts in this complaint are framed in tort. Wilkinson v. Moseley, 18 Ala. 288. The record presents this dilemma: The jury assessed punitive damages because the court, in its special written instruction, directed them so to do in the event defendant's refusal was characterized by reckless indifference to consequences, or they assessed substantial compensatory, but "temperate," damages, although no special damages were alleged or proved, in pursuance of the court's oral instruction. Plaintiff was not a trader, had no commercial interest, and controlling principles of law, stated above, lead to the conclusion that either course was wrong; nor are we able to determine which course the jury followed, and though the question was saved only by an exception to the special written charge under discussion, and by defendant's requested charge that, if the check was refused by mistake merely, and not willfully, plaintiff could recover nominal damages only,

the result was reversible error. From what has been· said, it follows, also, that assignments of error 7 (7 C. J. pp. 607, 608, note 40), 8, 9, and 10 must be sustained.

[7] The answer of the witness Mitchell, that when he went to see plaintiff she was in the calaboose, was not responsive, and defendant's motion to ·exclude should have been sustained, for it was immaterial and irrelevant to any issue made in the cause, but probably prejudicial, nevertheless, to defendant.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes