CHRISTIAN WILDENBERGER, Appellant, *v.* RIDGEWOOD NATIONAL BANK, Respondent.

Banks and banking — action against bank for unjustifiable refusal to pay check of depositor — damages — evidence — amount of damages should be determined by a jury.

Plaintiff, a merchant, had a deposit in defendant's bank. His wife, claiming the ownership of one-half of the account, joined the bank as a defendant in a suit to establish title and served a summons and unverified complaint. Four checks previously drawn by plaintiff, and aggregating about one-half of the account, were outstanding. When presented for payment they were dishonored by the bank without warning to plaintiff and returned to the holders with a notice that the account was closed. Plaintiff protested against this slur upon his credit and insisted that the checks be paid. Defendant's cashier promised that they would be paid if presented again. Some of the checks were presented a second time and a second time dishonored. Upon the subsequent withdrawal of her claim by his wife, plaintiff sued the bank for injury to his credit. *Held*, that the plaintiff may recover; that he is not limited to nominal damages but should have damages to be determined by a jury. There was nothing of accident or mistake in defendant's dishonor of the checks. It dishonored them deliberately and willfully with full knowledge of the account, setting one risk against another, the risk of adverse claims against the risk of broken contracts. *Held, further*, that defendant cannot minimize plaintiff's damages by the excuse that the notice

that the account was closed would not have been given if a clerk had returned the checks marked " account held " as directed by defendant's cashier.   It was defendant's duty to see that such instructions were obeyed.  .

*Wildenberger* v. *Ridgewood Nat. Bank*, 187 App. Div. 320, reversed.

(Argued January 27, 1921; decided March 1, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 18, 1919, affirming a judgment for nominal damages in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Meyer Kraushaar* and *Emanuel Celler* for appellant. The trial court erred in holding as a matter of law that the plaintiff was only entitled to nominal damages. (*Citizens' Nat. Bank* v. *I. & T. Bank*, 119 N. Y. 195; *Schaffner* v. *Ehrman*, 139 Ill. 109; *Atlantic Nat. Bank* v. *Davis*, 96 Ga. 334; *O'Grady* v. *State City Bank*, 109 Mo. App. 336; *Wood* v. *American Nat. Bank*, 100 Va. 306; *Lorick* v. *Palmetto Bank*, 74 S. C. 184; *Columbia Nat. Bank* v. *MacKnight*, 29 App. Cas. [D. C.] 580; *Peabody* v. *Citizens Nat. Bank*, 98 Minn. 302; *Spearing* v. *Whitney Central Nat. Bank*, 129 La. 607; *Commercial Nat. Bank* v. *Latham*, 29 Okla. 88; *Wiley* v. *Bunker Hill Nat. Bank*, 183 Mass. 495.)

*Thomas Cradock Hughes* and *Robert H. Wickert* for respondent. The direction of a verdict for nominal damages was correct.   (*Winchell* v. *Hicks*, 18 N. Y. 558; *Ornes* v. *Dauchy*, 82 N. Y. 443; *Thompson* v. *Simpson*, 128 N. Y. 270; *Shultes* v. *Sickles*, 147 N. Y. 704; *Bingham* v. *Gaynor*, 135 App. Div. 426; *Clark Co.* v. *Mount Morris Bank*, 85 App. Div. 362; 181 N. Y. 533.)

CARDOZO, J.   The plaintiff, a merchant, was a depositor in the defendant's bank.   His wife claimed the ownership

of one-half of the account. She joined the bank as a defendant in a suit to establish title, and made service of a summons and an unverified complaint. Four checks, aggregating $222.98, were outstanding at the time. A balance of almost twice that amount was to the credit of the account. All four checks when presented were dishonored, without warning to the depositor. They were returned to the holders with a notice that the account was closed. The cashier asserts that his instructions to the bookkeeper were to mark them " account held." That was not the notice given. The depositor protested against this slur upon his credit, and insisted upon payment. The cashier promised, it is said, that payment would be made upon presentation of the checks again. The plaintiff gave notice to the holders accordingly. There is evidence that the checks or some of them were presented a second time, and a second time dishonored. Upon withdrawal of the adverse claim, the plaintiff sued the bank for the injury to his credit. The trial judge ruled that there could be no recovery in excess of nominal damages. The Appellate Division affirmed by a divided court.

We think the plaintiff's damages were to be determined by the jury. The dishonor of the checks was admittedly a wrong (*Citizens' Nat. Bank of Davenport* v. *Importers & Traders' Bank of N. Y.*, 119 N. Y. 195; *Burroughs* v. *Tradesmen's Nat. Bank of N. Y.*, 87 Hun, 6; 156 N. Y. 663). The wrong, if willful, charged the bank with liability for the consequences. In many jurisdictions the liability is the same whether the wrong is willful or merely heedless (*Wiley* v. *Bunker Hill Nat. Bank*, 183 Mass. 495; *Third Nat. Bank* v. *Ober*, 178 Fed. Rep. 678; *Schaffner* v. *Ehrman*, 139 Ill. 109; *Fleming* v. *Bank of New Zealand*, 1900, A. C. 577, 587; 2 Michie on Banks and Banking, 1162, and cases there collated). In this state the liability is for nominal damages and no more, if the dishonor of the checks is the result of inno-

cent mistake.  That was the situation in *Clark Co.* v. *Mt. Morris Bank* (85 App. Div. 362; 181 N. Y. 533) where dishonor was due to the blunder of a bookkeeper, who misread the plaintiff's balance.  Sometimes we are told that to permit the recovery of substantial damages, the wrong must be malicious.  This does not mean, however, that it must be the product of hatred or malevolence.  It is the exclusion of liability for the consequences of accident or mistake (*Davis* v. *Standard Nat. Bank,* 50 App. Div. 210, 213; *Clark Co.* v. *Mt. Morris Bank, supra; Schaffner* v. *Ehrman, supra*).  We find nothing of accident or mistake in the defendant's dishonor of these checks.  It dishonored them with full knowledge of the state of the account, setting one risk against another, the risk of adverse claims against the risk of broken contracts. Here was no heedless act, but one deliberate and willful (*Jaselli* v. *Riggs Nat. Bank,* 36 App. Cas. [D. C.] 159, 170, 171; *Scheffer* v. *Erie Co. Sav. Bank,* 229 N. Y. 50, 53). Injury to credit and ensuing damage might, even then, have been averted, if the holders had been informed in plain and direct words of the cause of the dishonor. Instead of such a notice, they were informed that the checks were drawn upon an account which had been closed. The bank offers the excuse that a different notice would have been given if instructions had been obeyed.  The excuse, if credited, would be inadequate.  Having chosen to break its contract, and thus put itself in the wrong, it could not minimize the damages through unfulfilled instructions imparted to its own subordinates.  Its duty was to see that the instructions were obeyed.  The plaintiff was placed before his customers in the attitude of a trader who had drawn worthless checks.  The wrong was aggravated, if his testimony is accepted, by a second dishonor after promise of acceptance, again without suggestion of mistake or inadvertence.  The defendant made its choice, and must answer for the consequences.

Liability existing, we cannot say, as a matter of law,

that the damages were merely nominal. The plaintiff was a trader. Some injury to credit may, therefore, be inferred (*Rolin* v. *Steward*, 14 C. B. 595; *Wiley* v. *Bunker Hill Nat. Bank*, 183 Mass. 495, at p. 496; *Third Nat. Bank* v. *Ober*, 178 Fed. Rep. 678, at p. 679; *Atlanta Nat. Bank* v. *Davis*, 96 Ga. 334). The damages to be awarded, whether nominal or substantial, must suffice for reparation. It is for a jury to assess them.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.